No. 40.—HENRY B. WEED, plaintiff in error, *vs.* JAMES BOND, defendant in error.

A promissory note given by a client to an attorney at Law for services to be rendered in a suit is void, though in the hands of an innocent transferee, if the attorney has failed to attend, by himself or some competent attorney, to the suit until the rendition of a judgment therein:—being made void by an Act of 1831.

*Complaint on Note*, in Dougherty Superior Court. Before POWERS, Judge, December Term, 1856.

In 1850, James Bond, the defendant below, employed B. K. & J. B. Hines, attorneys at law in the city of Macon, Georgia, to undertake in their professional capacity, the recovery of certain lands in Cherokee, Georgia, which it was alleged had been fraudulently sold by Wm. F. Bond. By agreement between the parties, said attorneys were to receive $500 for a fee certain, and $1,000 more in the event of success. In 1851, this contract was annulled, and another of identically the same character and in the same terms was made, and Bond gave his promissory note payable to Hines & Hines or bearer, twelve months after date, for $500.

After the renewal, the note was traded to H. B. Weed, the plaintiff below, who brought suit upon it against Bond.

To this action defendant pleaded total and partial failure of consideration: and upon the trial proved that *all* the professional services contemplated and agreed upon had not been rendered.

Plaintiff offered to prove by Judge Scarborough what the services proven to have been rendered by Hines & Hines were worth; but the presiding Judge repelled this testimony, and held that plaintiff could not show any partial performance of the contract, and if he could not show a performance of the whole contract on the part of Hines & Hines, that he could not recover.

The presiding Judge charged the jury, that if said note was given in consideration of professional services to be rendered or suit to be instituted, and the attorney failed from *any cause* to render said services and to perform the whole contract, notwithstanding they may have rendered valuable services, yet the plaintiff could not recover on the note. That by the laws of the State, the note was void if transferred before the services were all performed; and that the note not being due at the time of transfer, made no difference.

The jury found for the defendant. To which charge and ruling, plaintiff excepts and assigns the same as error.

HINES & HOBBS, for plaintiff in error.

R. H. LYON, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

It seems from the evidence in this case, that the attorneys failed "to attend in person, or by" any other "competent attorney, to the suit, until the rendition of a judgement" therein.

And the question is, whether such failure made the note they took for their services void, although it had been trans-

Weed vs. Bond.

ferred to the plaintiff. The Court below held that it did,. and this Court holds so too.

The whole question depends on an act of the Legislature.. That act is as follows :

"Section 1. From and after the passage of this act, all contracts made and entered into between party or parties plaintiff or defendant, and attorney or attorneys at law, in writing or otherwise, shall be held and deemed null and void, whenever the said attorney or attorneys shall fail to attend in person, or by some competent attorney, to the suit or suits, which he or they contracted to do, until the rendition of a judgment."

"Sec. 2. If any attorney or attorneys at law, as aforesaid, shall transfer any note or notes, obligation or obligations in writing, taken or secured for his or their services, as attorney or attorneys as aforesaid, and shall fail to attend to the suit or suits, in person or by some other competent attorney, until the rendition of a judgment, he or they shall forfeit and pay to the person or persons, whom the same was taken from, double the amount so transferred, recoverable in any Court having jurisdiction of the same." *Cobb's Dig.* 91.

The first of these two sections says plainly, that the contract shall be "null and void" whenever the attorney shall fail to attend to the suit by himself, or some other competent attorney, until the rendition of a judgment."

There is nothing in the latter of the two sections, that says, that if the contract is transferred, it is to become free from the operation of the first section.

The first of these two sections includes by its terms, as well contracts that have been transferred, as contracts that have not been transferred. This is manifest.

Now, does the second of the sections contain any thing to take the case of a *transferred* contract out of the first? In other words, is there any thing in the second, necessarily repugnant to so much of the first, as makes the first include the case of a transferred contract?

The answer must be, that there is not.

It is true, that the forfeiture given in the second section, is given not to the *transferee* of the contract, the person·most likely to be injured if the contract be void when transferred, but is given to the *maker* of the contract; a person who, probably would be well protected by the mere nullification of the contract.

But this was also true of the old statute of usury. That statute gave a forfeiture to the maker of the usurious contract; and yet, it was never held, that this prevented a usurious contract, if transferred, from being void. *Prince Dig.* 294.

The two sections may well be read as follows, viz.:

"Sec. 1. All contracts given by clients to attorneys, *whether transferred or not,* shall be void if the attorney fails by himself or another attorney, to attend to the suit, until the rendition of a judgment."

"Sec. 2. And if the contract has been transferred, the attorney shall forfeit to the client twice the amount of what the client is to pay by the contract."

If so, there is certainly nothing in the last section to take the case of a transferred note out of the first.

We think that the judgement of the Court below ought to be affirmed.

Judgment affirmed.