FLETCHER & BULLOCK *vs.* YOUNG.

1. An action for breach of warranty was brought on the following instrument: "Received of Wm. H. Young the sum of four hundred dollars for one pair of large bay horses, both of which we guarantee to be perfectly sound and without blemish. $400. One horse now having a cold or little distemper :"

   *Held*, that a reasonable construction of such contract as to the last named horse, would be that the vendor warranted him sound ; that he had no disease which would render him worthless ; and that, notwithstanding he had a cold or distemper, the vendor warranted that it should not hurt him.

   SPEER, J.

   (*a.*) A general warranty of soundness may cover even patent defects where intended so to be covered.

2. Whether the construction placed by the court on the contract, when standing alone, was correct or not, when construed with its context the law was fairly submitted to the jury, the court having charged in the same connection that if the death or worthlessness of the horse was not produced by the disease alone, but by the manner in which the horse was treated, plaintiff could not recover.

   October 17, 1882.

Contracts. Warranty. Charge of Court. Before Judge WILLIS. Muscogee Superior Court. May Term, 1882.

Reported in the decision.

BLANDFORD & GARRARD, for plaintiffs in error.

PEABODY & BRANNON, for defendant.

SPEER, Justice.

W. H. Young sued Fletcher & Bullock for breach of warranty on the following witten instrument:

"COLUMBUS, GA., 5th May, 1881.

"Received of Wm. H. Young the sum of four hundred dollars for one pair of large bay horses, both of which we guarrantee to be perfectly sound and without blemish. $400. One horse now having a cold or little distemper."

[Signed]                              FLETCHER & BULLOCK.

After the evidence had closed on the trial, the court charged the jury as follows:

"A certain instrument has been introduced in testimony in this case—a receipt which they claim is a warranty, warranting the horse to be sound, and it is my duty to construe that instrument for you. That instrument is a warranty that this horse is sound; that he had no disease that would render him worthless or injure him. That is a proper construction for that instrument, that, notwithstanding he has a cold or distemper; that I warrant against it that it shall never hurt him."

To this charge defendants below excepted, and assign the same as error.

The cardinal rule of construction of contracts is to ascertain the intention of the parties, if that intention be clear and contravenes no rule of law, and sufficient words be used to arrive at the intention.   Code, 2755.

The construction which will uphold a contract in whole, and every part is to be preferred, and the whole contract should be looked to in arriving at the construction.

We may infer from the price paid, the buyer intended to buy horses that were sound, and his further intention was to have a warranty as to their soundness. It certainly was the intention of the sellers in the first part of their agreement to execute such a warranty, for they say, "both of which (horses) we guarantee to be perfectly sound and without blemish." If they intended to warrant them per-

fectly sound, except as to one horse having "a cold or little distemper," then the exception negatives the first covenant and is inconsistent with it, and the contract as a whole is not upheld, for the latter is a negative of the former. Still it was proper for the sellers so to have stipulated if such was their intention. If they had guaranteed them to have been perfectly sound and without blemish, except as to "the cold or little distemper," then the construction, as insisted on by plaintiff in error, would have been correct. What, then, was the meaning of the last words in this contract, "one horse now having cold or little distemper?" Transpose these words to another part of the agreement. and it is proper to do so if no violence is done to the intention—and it would read, "Received of Wm. H. Young the sum of four hundred dollars for one pair of large bay horses, one horse now having a cold or little distemper, which we guarantee to be perfectly sound and without blemish." Will it not appear, thus written, that the seller intended to guarantee both to be perfectly sound and without blemish, notwithstanding one horse has "cold or little distemper"? Such was the construction given by the court below, and I think it was correct. And this construction I think is supported by the authority of adjudicated cases.

In the case of Pinney *vs.* Andrus, 41 Vermont, 631, the court said: "But it seems to be now well settled that the rule of law which exempts a vendor from liability upon a general warranty of soundness, where the defect is plainly visible and obvious to the unaided senses, does not extend to an apparent defect, to understand the true nature and extent of which requires the aid of skill, experience or judgment." Here the apparent defect was made known, and was therefore patent, but if it required skill, experience or judgment to understand its true nature, then the general covenant of warranty bound the sellers. Here the buyer rested on his general warranty, and neither exercised skill, experience nor judgment as to the nature of the defect.

So in the case of Liddard *vs.* Kain, 3 Bing., 183, the sale was of horses, known to the buyer to be affected, one with a cough, and the other with a swelled leg, but the vendor agreed to deliver the horses at the end of a fortnight, "sound and free from blemish," and this warranty was held to include the defects above mentioned, although known to the buyer. Benj. on Sales, par. 616.   The exception of a certain disease named in a bill of sale with warranty, will not render the sale binding if the violence of the disease was misrepresented, so as to induce the vendor to buy.   2 Little, Ky., 226.

In Georgia the rule is, a general warranty of soundness may cover even patent defects, where intended so to be covered.   Code, 2655; 19 *Ga.*, 277, 275.

Guided by these principles and authorities, speaking for myself alone, I see no error in the charge of the judge complained of, and his construction of the warranty as set forth.

While, however, this court are not unanimous as to the correctness of this construction, yet we do hold this charge, when taken in connection with the balance of the charge given, was in substance a correct and fair submission of the law of the case to the jury, and as a whole was not error.   For, in connection with the charge complained of, the court further said: "If the death or worthlessness of this horse was not produced by the disease it had alone, but on account of the manner in which the horse was treated or used afterwards, then, notwithstanding he may have been diseased at the time that he was sold, the plaintiff would not have been entitled to recover.   When a man warrants a horse to another, and tells him he has a disease—some slight disease—if that disease of itself would not injure the horse if properly used, but on account of improper use the horse died, then the plaintiff would not be entitled to recover, because the injury would result from his act, and not from the disease the animal had at the time."

Judgment affirmed.