Minsh.a.ll, C. J.
The action below was upon the drawing of a check by the defendant on the Kenton Savings Bank,, payable to one Caldwell, or his order, for the sum of $200. The plaintiff,' the owner by indorsement, presented the check to the Savings Bank, for payment; payment was refused and *383 due notice given of non-payment. The defendant answered that the consideration of the check was small pieces of celluloid called “ checks, ” representing money, betted and lost by him upon a game of chance played with cards. Any knowledge of this, as well as the fact itself, was denied in the reply.. On the trial the court in substance charged the jury, as appears from the bill of exceptions, that though the consideration of the check was for money lost in a game of chance, the plaintiff would be entitled to recover, if it had no knowledge of the same; and, observing to the. jury that it was conceded that the plaintiff was a bona fide holder without knowledge of the consideration for which the check had been given, directed a vei’dict for the plaintiff for the amount of the check and interest. The judgment rendered upon the verdict was reversed by the circuit court, and the object of this proceeding is to-obtain a reversal of the judgment of the latter court.
It is provided in sec. 4269, Rev. Stats., that, “All promises, ’ agreements, notes, bills, bonds, or other contracts, * * * when the whole, or any part of the consideration of such promise, * * * is for money, * * * won or lost, * * * upon any game, * * * whatsoever, .* * * shall be absolutely void, and of no effect.”
1. It is claimed that a check is not included in this statute. But this, as we think, will hardly bear serious discussion. A check is at least a contract, for it imports an agreement upon the part of the drawer to pay it if on presentment to the drawee it is not paid, and due notice is given him of such nonpayment. The action below was upon the obligation so assumed, and the only support this obligation has is the consideration for which the cheek was drawn.
We do not, however, understand that the common pleas placed its judgment on this ground. It assumed, and so charged the. jury, that the plaintiff could recover if he was an innocent holder for value, although the consideration for the drawing was money lost at cards. In this we think the common pleas erred, and that the judgment of the circuit court should be affirmed.
*384 Notwithstanding the general tendency of courts to construe the word “ void ” as “ voidable ” only when used in statutes that affect contracts made in disregard of their provisions, yet where a public policy is to be subserved, as the suppression of usury or gaming, the settled rule-is to give to the language employed -its full force and effect. The rule with its limitations is thus stated by a very reliable author on the interpretation of statutes: “ In general, however, it would seem that where the enactment has relation only to the benefit of particular persons, the word “ void ” would be understood as “ voidable ” only, at the election of the persons for whose protection the enactment was made, and who are capable of protecting themselves; but that when it relates to persons not capable of protecting themselves, or when it has some object of public policy in view which requires the strict construction, the word receives its natural full force and effect.” Maxwell, Interp. Stat. 2d Ed. 256.
So, in Bowyer v. Bampton, 2 Strange, 1155, it was held that the innocent indorsee of a gaming note can maintain no action against the drawer, the statute, 9 Anne, c. 14, being, “ That all notes, where the whole or any part»of the consideration is money knowingly lent for gaming, shall be void to all intents and purposes whatsoever.” The court said, “ it is making it of some use to the lender, if he can pay his own debts with it; and it will be a means to evade the act, it being so very difficult to prove notice on an indorsee. And though it will be some inconvenience to an innocent man, yet that will not be a balance to those on the other side.” And so in Lowe v. Walker, Doug. 736, which arose under the statute, 12 Anne, c. 2, § 16, making usurious contracts void, the action being by an indorsee of a bill against the acceptor, the indorsee having no knowledge of the consideration. Lord Mansfield, expressing a great leaning in favor of the plaintiff, said, “ But the words of the act are too strong. Besides, we can not get over the case of the statute against gaming, which stands on the same ground. This is one of those instances in which private must give way to public convenience,” and a recovery was .denied.
*385 In Weed v Bond, 21 Ga. 195, under a statute making void notes given an attorney where he fails to attend to the suit or procure some one to do so, a note so given was held void in the hands of an innocent indorsee, the attorney having failed to attend to the suit of the maker.
In Groves v. Clark, 21 La. Ann. 567, it was held that the third holder of a promissory note, given for the price of a slave, can not recover thereon, although he acquired the note in good faith, for a valuable consideration, before maturity, on the ground that “contracts for the sale of persons” are declared by the constitution of the state, “ null and void.” This seems to have been the general construction placed upon statutes making void securities based upon a gaming consideration. Pickaway County Bank v. Prather, 12 Ohio St. 497, 509; Hatch v. Burroughs, 1 Woods’s, 439, 448; Taylor v. Beck, 3 Rand. 316, 324; Story on Bills, § 189 ; 3 Kent Comm. 80 (13th ed.); Danl. Neg. Inst. § 807.
The individual hardships that may arise in the enforcement of the policy of statutes of this kind, are regarded as less than the public inconvenience to be avoided by the suppression of the evils connected with the vice of gambling. Lord Mansfield observes in the case of Lowe v. Walker, that “ It is less mischievous that the law should be as it is with respect to bills and. notes, than other securities; because they are generally payable in a short time, so that the indorsee has an early opportunity of recurring to the indorser, if he can not recover upon the bilk” Douglas, 744. And it seems to be well settled that one who can make out his title through a person other than the one who executed the instrument on the vicious consideration, may, if an innocent holder, recover from his indorser. Maxwell, Interp. Stat. 250; Bowyer v. Bampton, supra. So that in this case the plaintiff might, on giving due notice, have recovered from its immediate or any prior indorser of the check.

Judgment affirmed.