## SWINNEY v. EDWARDS.

NEGOTIABLE INSTRUMENTS—CONSIDERATION—GAMING—NOTE GIVEN FOR GAMBLING DEBT—NEW PROMISE TO PAY.

1.  When the Legislature has declared that the illegality of the contract or consideration shall make the contract void, the defendant may set up that defense though the contract be a promissory note, and in the hands of a bona fide holder.

2.  Since the statute declares that all contracts, notes, etc., made or entered into where the whole or any part of the consideration thereof shall be for any money or other valuable thing won by gaming, shall be utterly void, and of no effect, a promissory note given in settlement for money lost by the maker in a gambling game is void, in whose hands soever it may be.

3.  Where the defendant had been engaged with B and E in playing cards for money, and E quit the game, leaving the

place where it was being carried on, and at the close of the game the defendant settled his losses by giving a note to B, making it payable to E at B's request, and the next day B turned the note over to E in part payment of a prior debt of B to E. *Held,* in a suit brought upon the note by E, that the note was void, and E could not recover thereon.

4. The fact that the maker of a note given to settle a loss at a gambling game afterward, verbally promises the holder to pay it, will not render him liable, for the reason that, the note being void, the new promise is also void for want of consideration.

[Decided December 17, 1898. Commenced in District Court, March 21, 1896.]

Error to the District Court, Fremont County, Hon. Jesse Knight, *Judge.*

This was an action upon a promissory note brought by Charles Edwards, the payee, against David L. Swinney, the maker. The defense was that consideration of the notes was money won at cards. Judgment was rendered for the plaintiff, and the defendant prosecuted error. The facts are stated in the opinion.

*Burke & Fowler,* for plaintiff in error.

The statute provides that all contracts, notes, etc., the consideration whereof shall be money or any other valuable thing won by gaming, shall be utterly void and of no effect. (R. S. of 1887, Sec. 1001.) "Void" means without legal efficacy, ineffectual to bind parties, or convey or support a right. (28 Ency L., 473.) Such contracts are void and of no effect even in the hands of bona fide transferees, and although negotiable in character. (8 Ency. L., 1018, 1019; 8 Ala., 138; 14 Ala., 564; 57 Ill., 295; 64 La., 97; 4 Mon., Ky., 79; 2 Duvall, Ky., 522; 112 Pa. St., 419; 13 id., 601; 104 id., 521; 27 Fed., 909; 52 Wis., 593; 6 N. W., 252; 94 Pa. St., 136.)

*E. H. Fourt,* for defendant in error. (No brief filed.)

CORN, JUSTICE.

This was a suit brought by Edwards, the defendant in error, against Swinney, the plaintiff in error, upon a promissory note of Swinney due three months from date, and payable to Edwards. The defense was that the consideration of the note was money won at cards. Upon a trial by the court without a jury the court found for the plaintiff generally, and gave judgment in his favor for the amount of the note and interest; but also made special findings, as follows: "That the note was given in consideration of a debt due for a gambling transaction; that the plaintiff was not present at the time the note was given; he was not a party to the note at the time it was made; it was made to him as payee without his solicitation, knowledge, or consent; that he received it, so far as the evidence goes, before it was due; that it had not been paid in whole or in part, and that the plaintiff became its absolute owner at the time it was transferred to him."

The special findings are substantially sustained by the evidence, which also shows that Edwards, Swinney, and one Bethel had engaged in playing cards, and that Swinney lost; Edwards quit the game and left the place before the game closed. Swinney, at the close of the game, settled his losses by giving this note to Bethel, and it was made payable to Edwards at Bethel's request. The next day Bethel turned it over to Edwards in part payment of a prior debt of Bethel to Edwards. Edwards testified that he believed the note was given in settlement of a gambling account; but that he had no personal knowledge in regard to it, and there is no direct evidence whether or not he was so informed at the time he accepted the note.

Section 1001, Rev. Stat., Wyo., provides that all contracts, notes, etc., made or entered into where the whole or any part of the consideration thereof shall be for any money or other valuable thing won by any gaming, or by playing at cards, shall be utterly void and of no effect.

Upon the evidence and upon the special findings the

judgment should have been for the defendant, plaintiff in error. The well-settled rule of law is, that when mere illegality of consideration is relied upon, the defendant may show such illegality in a suit between the original parties to the note; but when a negotiable instrument has passed, in the ordinary course of business, into the hands of a bona fide holder for a valuable consideration, and without notice of such illegality, the defendant can not avail himself of such defense if the holder obtained the note before maturity. This is the general rule, and it is the same whether the illegality is at common law or declared by statute. But, apparently by way of exception to the rule, when the Legislature has declared that the illegality of the contract or consideration shall make the note void, the defendant may set up that defense though the note be in the hands of a bona fide holder. The reason of the rule is, that if innocent parties were allowed to recover, the winner would always avoid the statute by transferring the notes; and this consideration is deemed to outweigh the occasional loss or inconvenience which may occur to innocent persons in the course of business. The rule is the same in this country and in England, and the authorities seem to be uniform upon the subject. It is also applied in the case of usurious contracts made void by statute. It was applied in Georgia where a statute declared contracts with an attorney at law to be null and void whenever the attorney should fail to attend to the suit in person, or by some competent attorney up to the rendition of the judgment. Weed v. Bond, 21 Ga., 195; Glenn v. Farmers Bank, 70 N. C., 191; Vallett v. Parker, 6 Wend., 615; Ivey v. Nicks, 14 Ala., 564; 8 Am. & Eng. Ency. of Law, 1019, where the authorities are collated.

The note in this case is clearly within the statute, and is void, in whose hands soever it may be. The fact that Swinney afterward verbally promised Edwards to pay the note does not change the situation. The promise is void for want of consideration. Mordecai v. Dawkins, 9 Rich. (S. C.), 262.

The judgment will be reversed and remanded with instruction to the District Court to enter judgment for the defendant for costs.

*Reversed.*

POTTER, C. J., and SCOTT, District Judge, concur.

KNIGHT, J., did not sit in this case.