## BURKE *v.* NAPIER.

Although a promissory note appears, from a recital therein, to have been given for a particular consideration, in the trial of an action between the maker and payee thereof parol evidence is admissible to show a different consideration.

Argued October 18, — Decided December 23, 1898.

Dispossessory warrant. Before Judge Hart. Wilkinson superior court. April term, 1898.

*F. Chambers*, for plaintiff in error.
*Smith & Jones*, contra.

FISH, J.    Mrs. Napier, the landlord, sought, under sections
4813 and 4814 of the Civil Code, to dispossess Burke, the ten-
ant, alleging that a certain amount of the rent was due, which
he failed to pay, and that she had, after the rent became due,
demanded possession of the rented premises from him and he
had refused to deliver the same to her.    Burke filed a counter-
affidavit, denying that he was indebted to the plaintiff for rent
of the premises described in her affidavit, and alleging that he
had fully paid the rent that was due.    On the trial of the case,
the plaintiff introduced a note signed by Burke, in which he
promised to pay, on October 1, 1897, to her or her order, $100
as rent for a described tract of land.    Burke testified that he
had paid $50 to the sheriff and had offered to pay it to the
plaintiff when the note became due, but she refused to accept
it.    He then offered to prove by parol that the note "embraced
another and different consideration than rent"; "that the con-
sideration of the note was fifty dollars for rent of the place de-
scribed in the note and fifty dollars indebtedness of his wife to
plaintiff's sons."    The court refused to allow him to introduce
this evidence, "on the ground that the testimony would con-
tradict and vary the terms of the note."    The court then di-
rected a verdict for the plaintiff "for one hundred dollars, the
same being double the debt claimed to be due."    The defend-
ant made a motion for a new trial, which was overruled, and
he excepted.    One ground of the motion, and the only one that
is material, as the whole case turns upon the question which it
presents, is, that the court erred in rejecting the parol testimony
offered by the defendant for the purpose above indicated.

This case presents but a single question, and that is, if a prom-
issory note recites a particular consideration, is parol evidence
admissible to prove that it was given for a different considera-
tion?    Upon this question the case of *Anderson* v. *Brown,* 72
*Ga.* 713, is directly in point.    There it was decided that "While
parol testimony is inadmissible to alter the terms and conditions
of a written contract, it is admissible to show the circumstances
under which a note was made, to explain the consideration, and

show that it was not in fact based on the consideration which appeared on its face, but what its true consideration was." The note in that case purported to have been given for the rent of the payee's farm. The court below admitted parol evidence which showed that the note was given for an entirely different consideration, and, as seen from the above quotation, this court held that there was no error in such ruling. In the present case the note in question purports to have been given for the rent of certain land, and the alleged error is that the court refused to admit parol testimony offered for the purpose of showing that a part of the consideration for which the note was really given was something else. The consideration of an ordinary promissory note lies back of its terms and conditions; they spring out of it, but they form no part of it, nor does it form any part of them. Without mentioning any consideration whatever, its terms and conditions may be just as fully expressed as they possibly could be if the consideration were set out in full. If after the terms and conditions have been expressed in the writing a recital is added which sets forth the consideration upon which they are based, the terms and conditions are still unchanged, the recital of the consideration adds nothing to them and takes nothing from them. Of course, in a written contract which carries on its face mutual promises, terms and conditions expressed on one side may be the consideration for terms and conditions expressed on the other. In such a case, proof of a consideration different from that expressed in the written instrument might alter its terms and conditions. But ordinarily the consideration is something apart from the stipulations of the contract; this is especially true with reference to promissory notes. In the present case, if the recital of the consideration contained in the note were entirely stricken therefrom, the language employed therein to express its terms and conditions would remain just the same. So if to the consideration now recited in the note there were added the additional consideration upon which the defendant claims the note was partly based, no new term or condition would be added to those now expressed in the writing.

The defendant claimed that he had fully paid all the rent

due, and that the balance of the amount for which the note was given represented an indebtedness of his wife to the plaintiff's sons. The rejected testimony was, therefore, directly relevant, for unless the defendant was indebted to the plaintiff for rent, her proceeding to dispossess him of the rented premises, for non-payment of rent, could not stand; and even if he were indebted to her for rent, the amount of such indebtedness was material as a basis for the judgment to be rendered against him. Under the decision of this court which we have cited, the court erred in rejecting the parol testimony offered by the defendant. For other authorities to the same effect as *Anderson* v. *Brown,* supra, see 17 Am. & Eng. Enc. L. 438; Whart. Ev. § 1044; Browne on Parol Ev. 44, 252; Benj. Chal. Bills, Notes, & Checks, p. 21; Rand. Com. Pap. § 565; and cases cited to support the text in these works. The decision in 72 *Ga.,* supra, squarely involved the question under consideration, and is binding authority on this court. In the case of *Powell* v. *Subers,* 67 *Ga.* 448, the question really was whether parol evidence was admissible to explain an ambiguity with reference to consideration appearing on the face of the note sued upon; and it was held that such evidence was admissible, it being really essential to apply the language used in the note as to consideration to the subject-matter thereof. In *Pitts* v. *Allen,* 72 *Ga.* 69, the note in question expressed no consideration except that it was given "for value received"; and this court decided that parol evidence was admissible to explain the meaning of the expression "value received," upon the idea that it was a patent ambiguity. The two cases last mentioned are, therefore, not necessarily in conflict with what is now ruled, because the question with which we are at present dealing was not involved, and what was said upon it in those two cases was merely obiter. The same is true of the remark made by Presiding Justice Lumpkin at the beginning of his discussion of the case of *Hawkins* v. *Collier,* 101 *Ga.* 147–8.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*