## BULLARD *v.* BREWER.

1. Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument.
2. Where a note given for the purchase-money of a horse contained the statement that it was given to the payee, as per contract for one black horse about seven years old, a little thick-winded," the words "a little thick-winded" did not amount to "an express warranty that the horse was sound, that he had no disease which would render him worthless, and that the 'little thick windedness' would not hurt him."
3. It is not erroneous to fail to instruct the jury as to the contention of a party when there is no evidence to support it.

Argued October 30, — Decided November 14, 1903.

Complaint — appeal. Before Judge Holden. Elbert superior court. June 4, 1903.

*Z. B. Rogers* and *Arther Newman,* for plaintiff in error.
*C. P. Harris,* contra.

FISH, P. J. S. S. Brewer sued D. C. Bullard on two promissory notes, only one of which is involved in the case as it comes before us. This note was as follows:

"Elberton, Ga., June 16th, 1899.
"$50. Nov. 15th after date I promise to pay to S. S. Brewer, or order, fifty dollars, payable at E. L. & S. bank, with interest

from date at the rate of 8% per annum, with all cost of collection including 10% attorney fees.

" This note having been given to said S. S. Brewer as per contract for one black horse about seven years old, a little thick-winded. It is hereby agreed that the ownership and title to said horse shall remain in said S. S. Brewer until this note is fully paid, and it is distinctly understood that I take the risk of the horse. dying. [Then follows usual homestead waiver and authority to the payee to take possession of the horse at the maturity of the note if the debt should not be then paid.] Given under my hand and seal this 16th day of June, 1899.

" Attest T. W. Campbell. N. P.          D. C. Bullard, L. S."

The defendant pleaded that the plaintiff expressly warranted the horse for which this note was given to be " sound and all right in every respect," but that he proved to be unsound and entirely worthless.    Upon the trial the defendant testified, in substance, that at the time he purchased the horse and when the note was given the plaintiff told him that the animal was all right, except that it was a little thick-winded, and said that he would warrant that that would not hurt him; that he purchased the horse relying upon these representations as being true.    The plaintiff was permitted by the court, over the objection of the defendant, to testify, in rebuttal, as follows:    " I said, ' He [the horse] is bellowsed.  If you want him and think he will do your work, I will sell him for less than he cost me.'  I said, ' He is bellowsed or thick-winded,' and told him he had a cough. . .  I sold him a cheap horse and lost a good deal on the horse. . .  I stated to Mr. Bullard that the horse was bellowsed and had a cough. . . I sold him as a cheap horse and an unsound horse. . .  I said, ' He is not all right.'  I sold him that way. . .  I told him he was bellowsed, thick-winded, and had a cough."  There was a verdict in favor of the plaintiff.  The defendant moved for a new trial, which was refused and he excepted.

1. One of the grounds of the motion for a new trial was, that the court erred in admitting the above-quoted testimony of the plaintiff, over the objection of the defendant, that it varied the terms of the written instrument sued on, etc.    " The rule is well settled that where the parties have reduced to writing what appears to be a complete and certain agreement, importing a legal

obligation, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the whole of the agreement between the parties, and parol evidence of prior, contemporaneous, or subsequent conversations, representations, or statements will not be received for the purpose of adding to or varying the written instrument. If, therefore, such a writing exists between the parties, and it contains no warranty at all, no warranty can be added by parol; if it contains a warranty of some kind or to some extent, parol evidence will not be admitted to extend, enlarge, or modify that which the writing specifies." 2 Mechem on Sales, § 1254, and the large number of cases cited, among them the recent case of Seitz *v.* Brewers' Refrigerating Co., 141 U. S. 510, 35 L. ed. 837, in which there is an able discussion of the subject by Chief Justice Fuller. It is quite evident that the note given for the horse, in the present case, was a complete, unconditional, and unambiguous contract. There is nothing whatever to indicate that it did not contain all the terms of the agreement between the parties. It stated the amount of principal, the rate of interest, and when and where it should be paid, the consideration, that the title to the horse should remain in the seller until the note was fully paid, that the buyer was to take the risk of the horse dying, that homestead was waived, and that the seller should have the right to take possession of the horse if the debt was not paid at maturity. It follows, therefore, that the testimony of the plaintiff, to which the defendant objected, because it tended to vary the terms of the written contract, should have been excluded. Civil Code, § 3675 (1); *Wyche* v. *Winship,* 13 *Ga.* 208 ; *Allen* v. *Young,* 67 *Ga.* 617 (3); *Patterson* v. *Ramspeck & Green,* 81 *Ga.* 808 (1); *Lunsford* v. *Malsby,* 101 *Ga.* 39 (2). The fact that the defendant was permitted, without objection, to introduce evidence which, for the same reason, was equally inadmissible furnished no reason for admitting illegal evidence of the same character in behalf of the plaintiff, when it was properly objected to. Neither party could by parol evidence add to, take from, or vary the terms of the complete and unambiguous contract into which they had entered. If there was a breach of an implied warranty, of course the defendant could plead, and offer evidence to prove, that fact; but the implied warranty that the horse was merchantable and reasonably suited to the use intended would have to be considered in connec-

tion with the express modification or limitation, that the horse was "a little thick-winded." There is no implied warranty against obvious defects or such as are disclosed by the seller to the purchaser, and, in the present case, there was no implied warranty on the part of the plaintiff against the natural and ordinary effects resulting from the fact that the horse was "a little thick-winded."

2. Complaint was made, in the motion for a new trial, of the refusal of the court to give in charge to the jury the following written request: "That the words 'a little thick-winded,' appearing in the face of the note sued on, is an express warranty that the horse was sound, that he had no disease which would render him worthless, and that the 'little thick-windedness' would not hurt him." There was no error in refusing to give this request. The statement that the horse was "a little thick-winded" was a distinct declaration that he was not sound in that respect, and certainly carried no implication that this defect would not hurt him. Counsel for plaintiff in error contends that the ruling made in *Fletcher & Bullock* v. *Young*, 69 *Ga.* 591, is authority for the soundness of the above-stated request. We do not agree with him. There an action for breach of warranty was brought on a receipt, which was in the following words: "Received of Wm. H. Young the sum of four hundred dollars for one pair of large bay horses, both of which we guarantee to be perfectly sound and without blemish. $400. One horse now having a cold or little distemper." It was held "that a reasonable construction of such contract, as to the last-named horse, would be that the vendor warranted him sound; that he had no disease which would render him worthless; and that, notwithstanding he had a cold or distemper, the vendor warranted that it should not hurt him." The court, however, was not unanimous as to the correctness of this construction of the contract; and the case was put upon the distinct ground that the charge of the trial judge, so construing the contract, was not erroneous when taken in connection with his whole charge on the subject. But there is a glaring distinction between the contract in that case and the one in the case now in hand; for there the sellers expressly warranted both horses "to be perfectly sound and without blemish," whereas in the present case the contract contains no express warranty whatever.

3. Another ground of the motion for a new trial was, that the court failed to charge the jury upon one of the contentions of the defendant, viz., as to a rescission of the contract. An examination of the record discloses that there was no evidence to support such contention. The failure to charge upon it was, therefore, not erroneous.          *Judgment reversed.   All the Justices concur.*