### CAMP *v*. MATTHEWS.

Atkinson, J. 1. Mrs. C. B. Camp instituted an action against R. F. Matthews, to foreclose a landlord's lien for money alleged to have been furnished for making a crop during the year 1913. To this proceeding the defendant filed a counter-affidavit, denying that plaintiff had furnished him any money or supplies or anything to enable him to make a crop during the year 1913. Certain promissory notes were introduced in evidence to show the amount in which the defendant was liable to plaintiff, and which contained the following recital: "This money is to enable me to make my crop for the year 1913." These notes were dated March 15, 1913, and signed by the defendant. On cross-examination the plaintiff, over objection, testified: "I did not furnish the money as represented by these notes (referring to the notes in evidence) at the time same were executed. I let him have the money in 1911 or in 1912; and the notes in question are renewals of the money I let him have in 1911 or 1912." The defendant also testified, over objection, as follows: "I borrowed three hundred dollars from plaintiff in 1911 to make a crop for that year. I did not pay it back in the fall of that year, but renewed it for the year 1912, and did not pay it back in 1912, but renewed it for

the year 1913; and the notes in question are renewals of that debt. The notes in question were given for the money borrowed in 1911." The objection urged to the admissibility of the evidence was that it tended to vary and contradict the terms of the notes. The court overruled the objection, and, at the conclusion of the evidence, directed a verdict for the defendant. To these rulings the plaintiff excepted. *Held,* that parol evidence was admissible to show the circumstances under which the notes were made, and to explain the consideration and show the year in which the consideration appearing on the face of the notes was actually advanced. *Anderson* v. *Brown,* 72 *Ga.* 713 (3); *Burke* v. *Napier,* 106 *Ga.* 327 (32 S. E. 134); *Butts* v. *Cuthbertson,* 6 *Ga.* 166. The evidence objected to did not tend to vary and contradict the terms of the notes.

2. "The special lien of a landlord for money or supplies furnished in making a crop exists, and can be foreclosed as a lien, only on the crops of the year in which the advances are made. A balance of indebtedness for a prior year can not be included in a foreclosure of such a lien, even by agreement of the parties at the beginning of the year that such balance shall be included with the advances of that year." *Parks* v. *Simpson,* 124 *Ga.* 523 (52 S. E. 616). The renewal notes given by the defendant could only act as an extension of time on the old indebtedness, and could not be considered as an advancement of money for the year in which they were given.

3. Under the uncontradicted evidence, the judge did not err in directing a verdict for the defendant.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

APRIL 22, 1915.

Lien foreclosure. Before Judge Freeman. Troup superior court. February 6, 1914.

*M. U. Mooty* and *Judson Andrews,* for plaintiff.

*W. A. Post* and *A. H. Thompson,* for defendant.