YOUNG, administrator, *v.* YOUNG.

1. Where the consideration of a deed is stated by way of mere receipt or recital of fact, the consideration may be inquired into when the principles of justice require it. Where the consideration is stated, not by way of mere receipt or recital of fact, but in such a way as to make it one of the terms of a contract between the parties, a different consideration, whether variant or additional, can not be shown by parol.
2. Where a consideration is stated in such a way as to make it one of the terms of a contract between the parties, and where it appears either from the contract itself or from the attendant circumstances that the contract is incomplete, parol evidence may be received to supply an omitted term not inharmonious with the writing.
3. A deed between husband and wife, not made as a provision for alimony for the wife while living separate and apart from the husband, but made in consideration of the wife's agreement to return to the husband's home and to resume her marital relations, is not rendered void by the subsequent cohabitation of the husband and wife, under the provisions of section 2990 of the Civil Code of 1910.
4. The evidence authorized the verdict.

No. 1812.     SEPTEMBER 20, 1920.

Equitable petition. Before Judge Terrell. Troup superior court. November 24, 1919.

In June, 1904, James G. Young and his wife, Martha J. Young, separated. On July 15, 1904, Mr. Young executed and delivered to Mrs. Young a warranty deed to a half undivided interest in certain lands in Troup county and in certain city lots in the city of LaGrange. On the day of the execution of the deed, or within two or three days thereafter, Mrs. Young returned to her husband, and the two lived together as husband and wife until the latter part of December, 1910, when they again separated. During the first separation, and prior to the execution of the deed, Mrs. Young filed suit against Mr. Young for permanent alimony. After the execution of the deed, and at the next term of the court, the alimony suit was marked settled, and a judgment was taken in favor of the plaintiff for costs. In 1911 Mr. Young filed a petition in

equity against Mrs. Young, to set aside and cancel the deed. He alleged that the deed was made as a provision for permanent alimony for Mrs. Young while living separate and apart from him, and that the subsequent voluntary cohabitation of the defendant with the plaintiff annuled the deed. Mrs. Young answered the petition, and in her answer denied that the deed was made as a provision for permanent alimony while living separate and apart from the plaintiff. She alleged that the deed was made in settlement of the differences between the plaintiff and the defendant, and upon defendant's agreement to return to and live with Mr. Young. Other matters were pleaded in defense; but by consent of counsel the question submitted to the jury was whether the deed was executed as a provision for permanent alimony for the support of Mrs. Young while living separate and apart from Mr. Young, or whether it was executed for the purpose of reconciling the differences between Mr. and Mrs. Young and in consideration of her agreement to return to and live with Mr. Young. Mr. Young died before the trial, and his administrator was made a party to the case. The jury returned a verdict for the defendant. The plaintiff's motion for a new trial was overruled, and he excepted.

*Hall & Jones,* and *A. H. Thompson,* for plaintiff.

*F. M. Longley, M. U. Mooty,* and *Hatton Lovejoy,* for defendant.

GEORGE, J. (After stating the foregoing facts.) Under section 2990 of the Civil Code, "The subsequent voluntary cohabitation of the husband and wife shall annul and set aside all provision made, either by deed or decree, for permanent alimony." The consideration as expressed in the deed from Mr. Young to Mrs. Young is "mutual love and affection the party of the first part has and bears to the party of the second part, as well as the consideration of ten dollars in hand paid, and the further consideration of a settlement this day had of a petition filed by the party of the second part against the party of the first part for temporary and permanent alimony for herself and minors." Following the description of the property and the clause warranting title the deed recites: "This to be a final settlement of alimony, and the real consideration." On the trial of the case the court admitted evidence tending to show that the deed was made in settlement of the family dispute between Mr. and Mrs. Young, and to induce

Mrs. Young, then living separately from her husband, to return to his home and resume her marital duties. To this evidence the plaintiff in error objected upon the ground that the statement of the consideration as expressed in the deed is more than a mere receipt or recital, and embodies the terms of an unambiguous contract between the parties, and that parol evidence is inadmissible to add to, vary, or contradict the terms of the contract. Under section 4188 of the Civil Code, "The recital in a deed of the receipt of the purchase-money does not estop the maker from denying the fact and proving the contrary." Under section 4179, "The consideration of a deed may be always inquired into when the principles of justice require it." Where, however, the consideration of a deed is stated, not by way of mere recital, but in such a way as to make it one of the terms of the contract between the parties, a different consideration, whether variant or additional, can not be shown by parol. *Coldwell* v. *Cowart,* 138 *Ga.* 233, 236 (75 S. E. 425) ; *Brosseau* v. *Jacobs Pharmacy Co.,* 147 *Ga.* 185, 189 (93 S. E. 293). It may be conceded that the statement of consideration in the deed, in so far as it relates to the suit for permanent alimony, leaves the field of mere recital and enters that of contract, creating and attesting rights. The husband conveyed a right; the wife surrendered a right. Neither party can assert that the pending suit for alimony was not settled, in the absence of fraud, accident, or mistake. It may also be conceded that the recital which we have held to be contractual is not ambiguous in the ordinary sense. Nevertheless the parol-evidence rule relating to written contracts is applicable. In *Bullard* v. *Brewer,* 118 *Ga.* 918 (45 S. E. 711), the rule is stated as follows: "Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument." In *Pryor* v. *Ludden & Bates,* 134 *Ga.* 288, 290 (61 S. E. 654, 28 L. R. A. (N. S.) 267), it was said: "Where the law requires that the contract, in order to be valid, shall be expressed in writing, the writing alone must be depended upon to ascertain the contract of the parties, and its deficiencies can not be supplied by parol proof. Where the law does not require the agreement to be

YOUNG *v.* YOUNG.

reduced to writing in order to render it valid, and it is insisted that the writing contains a complete agreement of the parties, it becomes a question of intention, as to whether or not the agreement has been integrated in the writing. In such a case, in order to allow parol evidence to be admitted to show other terms, it must appear either from the contract itself or from the attendant circumstances, that the contract is incomplete and what is sought to be shown as additional terms neither conflicts with nor contradicts what is contained in the writing. . . The rule does not apply to cases where the instrument shows incompleteness on its face, and parol evidence is allowed to show an agreement referable to the incompleteness when not inharmonious with the writing." A deed to land must be in writing and must be supported by a consideration, either good or valuable, but it is not required that the consideration be expressed in writing. *Jewell* v. *Walker,* 109 *Ga.* 241 (4), 245 (34 S. E. 337). The statement of the further consideration in the deed is "settlement this day had of a petition filed by the party of the second part against the party of the first part for temporary and permanent alimony for herself and minors." What were the terms and conditions of the "settlement this day had" of the alimony suit? Was the property conveyed to be accepted by the wife as a provision for alimony while living separate and apart from the husband, or was the suit for alimony settled by the wife's agreement to return to the husband's home and to resume her marital duties? The parol evidence was not inharmonious with the writing, that is to say, it neither conflicted with nor contradicted the writing. If the consideration expressed were as follows: "Settlement had on Dec. 1st last, of a petition," etc., the case would be without difficulty. The clause of the deed, "This to be a final settlement of alimony, and the real consideration," is to be considered and construed in connection with the statement of the consideration quoted above, and does not require a different ruling. It is manifest that the language, "This to be a final settlement of alimony," refers to the suit for alimony and to the "settlement this day had" of the alimony suit, whatever the terms of settlement were. The aliunde evidence, tending to show that the settlement of the alimony suit contemplated complete reconciliation between the husband and the wife, or that the parties had in fact become reconciled before the deed was made, was properly admitted. The deed

itself recites, and by way of mere recital, other and additional considerations, to wit: love and affection and ten dollars. The settlement of the family dispute and the agreement of the wife, then living separately from the husband, to return to his home, followed by the return of the wife and the resumption of marital duties until (as her evidence tended to show) the husband's cruelty again caused her to separate from him, furnish a sufficient consideration for the deed. *McQueen* v. *Fletcher,* 77 *Ga.* 444. See especially *Lemon* v. *Lemon,* 141 *Ga.* 448 (81 S. E. 118). The evidence authorized the verdict. Other questions raised in the motion for new trial are controlled by the rulings above made.

*Judgment affirmed. All the Justices concur, except Fish, C. J., and Gilbert, J., dissenting.*