### 12535.   REVIS v. BANK OF LaGRANGE.

1. Where a negotiable promissory note purports to have been given "for value received," and suit is brought thereon by the payee, the maker may plead and by parol prove what the real consideration is, for the purpose of showing that the consideration has either totally or partially failed.
2. A ground of a motion for a new trial complaining of the exclusion of certain documentary evidence will not be considered when the evidence referred to is not set forth either literally or in substance in the motion or attached to it as an exhibit.

DECIDED NOVEMBER 16, 1921.

Complaint; from city court of LaGrange — Judge Duke Davis. May 2, 1921.

*A. H. Thompson,* for plaintiff in error. *E. T. Moon,* contra.

LUKE, J. The Bank of LaGrange sued C. H. Revis Sr. on a promissory note for the principal sum of $1,259.94, less certain credits, and for interest and attorney's fees. The defendant answered that he was not indebted to the plaintiff in the sum stated, alleging that the note sued on included $500 and interest on another note, which he had previously paid, and that therefore the note was without consideration as to the sum of $500. The case proceeded to trial, and the verdict was adverse to the defendant; he made a motion for a new trial, which was overruled, and he excepted.

The first ground of the amendment to the motion for a new trial is as follows: " Because the court erred in ruling out the following evidence of the defendant, C. H. Revis, on the objections of the plaintiff's counsel. On direct examination defendant sought to show by the witness C. H. Revis, the defendant, as follows:   Q. ' You say that you executed the note sued on.   What

was the consideration of the note?' 'There were executions and claims against me, amounting to $750, which the plaintiff took up and paid off. Some time before that I had borrowed $500 of the plaintiff, giving my note therefor, and also executing a deed to secure the note. Later on I paid off this $500 note and interest to the plaintiff, and the deed was cancelled off record. At the time I executed the note sued on I observed that it included the $500 note which I had previously paid off. This note for $500 was never delivered back to me when paid, and I called plaintiff's attention to it at the time I signed the note sued on. Mr. Render, the president of the bank, then and there stated that he would credit this last note with the $500. I then signed the same. The credit was never placed thereon and he is suing me for $500 more that I owe on this note. I have not received any consideration on this note for the $500 which I had formerly paid. The only amount I am due on the note now sued on is $759.94 less the credits appearing on the note and those credits for which I have the receipts." The court excluded this evidence, on the ground that parol contemporaneous evidence is inadmissible to vary the terms of a written contract. In doing so we think he erred, since the defendant was not trying to vary the terms of a written contract, but was endeavoring to show by the evidence excluded that there had been a partial failure of consideration. This the law recognizes he has a right to do, notwithstanding the general parol evidence rule, it being no longer an open question in this State that " one is not precluded from showing by parol that the real consideration of a contract is in fact different from the one actually recited in the instrument, for the purpose of proving that what is thus shown to be the true consideration has failed." *Rheney* v. *Anderson,* 22 *Ga. App.* 417, 418 (96 S. E. 217). See also *Anderson* v. *Brown,* 72 *Ga.* 713 (3); *Burke* v. *Napier,* 106 *Ga.* 327 (32 S. E. 134); *Camp* v. *Matthews,* 143 *Ga.* 393 (85 S. E. 196); *Simmons* v. *International Harvester Co.,* 22 *Ga. App.* 358 (96 S. E. 9).

The only other special assignment of error complains of the exclusion of a deed tendered in evidence by the defendant, and this ground, under repeated rulings of the Supreme Court and of this court, cannot be considered, since the documentary evidence referred to is not set forth either literally or in substance in the

ground of the motion for a new trial or in an exhibit thereto. *Arnold* v. *Mitchell,* 23 *Ga. App.* 658 (99 S. E. 135)., and cases cited.

For the reason stated above the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*