### 15646. BUCKEYE COTTON OIL CO. *v.* MALONE *et al.*

STEPHENS, J. 1. An ordinary promissory note in which the consideration is recited only as "value received," and which contains no provision imposing any obligation upon the payee, "does not purport to contain all of the stipulations of the contract" relative to the subject-matter for which the note is given. Where the terms and stipulations of such a contract rest in parol agreements and understandings between the parties, and do not in any way contradict the terms of the note, they may be established as part of the contract. Civil Code (1910), §§ 5791, 4268; *Burke* v. *Napier*, 106 *Ga.* 327 (32 S. E. 134); *Anderson* v. *Brown*, 72 *Ga.* 713; *Camp* v. *Matthews*, 143 *Ga.* 393 (1) (85 S. E. 196).

2. Where an indebtedness is secured by a pledge of personal property, the value of which has shrunk and become considerably less than the debt, and concerning which the creditor is asserting a right to sell before a certain date,—as April 1st,—and convert it into money to be applied upon the indebtedness, and where, before the arrival of that date, it is agreed between the creditor and the debtor that the debtor shall execute a promissory note to the creditor, which the debtor does, in an amount estimated and agreed upon as representing the difference between the value of the pledged property on the date of the execution of the note and the original indebtedness, and the note contains no provision imposing any obligation upon the creditor, and therefore does not purport to contain all the stipulations of the contract, and it matures beyond the time within which the creditor asserts the right to sell the property pledged,—as October 1st next thereafter,—a parol agreement between the debtor and the creditor, entered into contemporaneously with the execution of the note, by the terms of which the creditor agrees to defer until the latter date the assertion of his right to sell the pledged property in no wise contradicts the terms of the note, and may be established as a part of the contract.

3. Where the note by its terms as executed in fact matures upon the 1st of April, and not on the 1st of October, and where an agreement in writing is made contemporaneously therewith as a condition upon which the payee executes the note, by the terms of which the creditor agrees to extend the time of payment until October 1st provided the maker is financially unable to meet the note on April 1st, and which recites that "this is given as margin on [property pledged]," the agreement amounts to no more than an alteration of the maturity date of the note, by the consent of the parties, and therefore does not purport to constitute the entire agreement between them, and the agreement and the note may be supplemented by a consistent and unconflicting contemporaneous parol agreement between the parties, made at the time.

4. In a suit by the creditor against the debtor, to recover both upon the note and for an alleged balance claimed as due upon the original indebtedness, the defendant may establish the contract as alleged by him in parol.

5. Where such a contract obligated the plaintiff to wait until October 1st to sell the property pledged and apply the proceeds of the sale upon the indebtedness, a conversion by the plaintiff of the property to its own use, by crediting the value of the property upon the account in April

prior thereto, amounted to a breach of the contract, and the defendant was entitled to recover of the plaintiff, by way of recoupment, the difference between the value of the property at the time of the conversion and its increased value on October 1st.

6. Since admissions are not proof, but are only a means of proof, having evidentiary value to be considered by the jury, certain communications made by the debtor to the creditor prior to April 1st, which seem to concede the creditor's right to sell the property pledged before that date, although undisputed, can not establish as a matter of law the existence of the terms of the contract as contended by the creditor.

7. Nor can such communications made to the creditor and known to both contracting parties establish a departure from the contract as contended for by the creditor, and thereby establish the contract in accordance with the creditor's contention, since the creditor, if he acted upon them, did not do so to his disadvantage. He did not sell the property, but only credited the value of the property on April 1st on the account due by the debtor. Civil Code (1910), §§ 4227, 4267.

8. The evidence authorizes the inference that the plaintiff, to the defendant's damage in the amount sued for, breached the contract as contended for by the defendant; and the verdict found for the defendant was therefore authorized.

Judgment affirmed. Jenkins, P. J., and Bell, J., concur.

DECIDED FEBRUARY 26, 1925.

Complaint; from city court of Dublin—Judge Sturgis. April 21, 1924.

Burch & Daley, Brock, Sparks & Russell, for plaintiff.

J. S. Adams, for defendants.