COPELAND *v.* EUBANKS *et al.*

No. 9055.   JULY 16, 1932.

*Wright & Covington,* for plaintiff.
*M. B. Eubanks,* for defendants.

BECK, P. J.   Mrs. Minnie Copeland brought her petition against
M. B. Eubanks, H. M. Bobo, and John W. Bobo, and prayed injunc-

tion against the enforcement of a power of sale in a certain security deed executed by her to secure the payment of a note given by her to M. B. Eubanks for professional services to be rendered by him in representing her son on the trial of the latter under an indictment charging him with the offense of rape. In the petition it is alleged that the attorney so retained, in consideration of the sum of money for which the note was given, guaranteed that plaintiff's son would be acquitted, and also agreed and contracted that in the event of his conviction upon the trial he would prosecute an appeal to secure a new trial; that the son was convicted, and no motion for a new trial was filed; that Eubanks transferred and assigned the note to H. M. Bobo, who transferred and assigned it to John W. Bobo; and it is charged that the transferees and assignees of the note had full knowledge of the failure of consideration. On the trial of the case, at the conclusion of the evidence, the court directed a verdict for the defendants; and injunction was refused. The plaintiff's motion for a new trial was overruled, and she excepted.

The motion for a new trial is based upon the ground that the evidence upon the controlling issues in the case was conflicting, and that the court erred in not submitting, under proper charges, the contested issues to the jury for decision. Counsel for plaintiff in error in their brief and argument state that the entire case is predicated upon the provisions of §§ 4951 and 4952 of the Civil Code. Those sections are as follows:

§ 4951. "Attorneys are prohibited from collecting any note or other contract in writing given as a fee in any cause, which cause they have failed to attend to in person or by some competent attorney, from the time of employment until the rendition of judgment, and the same shall be null and void unless they were, by contract, released from such duty."

§ 4952. "The transfer of such note or obligation subjects them to forfeit and to pay to the person from whom the same was taken double the amount thereof, recoverable in any court having jurisdiction of the same, unless such person is saved harmless against all fees, costs, and other necessary expenses on account thereof."

In this statement of their contention the case is narrowed to the single question as to whether or not, under the evidence, the two sections of the Code just quoted are applicable. Upon an examination of the uncontroverted evidence in the case it clearly appears

that the case does not fall within the purview of these two sections. The evidence shows that the attorney in question, to whom the note was given, did attend in person the trial of the case in which the plaintiff's son was charged with a felony. So far as appears from the record, he exercised due diligence, and there is nothing in the evidence to show that he did not represent the cause of his client with skill and ability. There is nothing to suggest that he omitted to discover and introduce all of the existing evidence in favor of his client. It appears that he made a lengthy argument in favor of his client upon the trial. That being true, there is nothing to show that he was in any way subject to the penalty prescribed by § 4952 of the Code. Nor did he fall within the inhibition prescribed in § 4951, which prevents the collection of a note given as a fee in a case. In *Weed* v. *Bond,* 21 *Ga.* 195, it appeared that the attorney to whom the note was given "failed to attend, in person or by any other competent attorney, to the suit until the rendition of the judgment therein." In that case it was held that "A promissory note given by a client to an attorney at law for services to be rendered in a suit is void, though in the hands of an innocent transferee, if the attorney has failed to attend, by himself or some competent attorney, to the suit until the rendition of a judgment therein." While it was held in that case, in substance, that if the note sued upon was given in consideration of professional services to be rendered or suit to be instituted, and the attorney failed from any cause to render such services and to perform the whole contract, nothwithstanding he may have rendered valuable services, yet the plaintiff could not recover on the note—that it was void, from the statement of facts in that case it appears that the plaintiff, who was suing upon the note, did not offer to prove that the suit had been brought after the verdict was rendered. He merely attempted to prove that valuable services had been rendered, and that there was partial performance of the contract. In the present case there was a trial in which the attorney to whom the note was given appeared, introduced all the evidence that was in his power to introduce in favor of his client, argued the case at length to the jury, and the jury rendered a verdict under which the client was sentenced to serve for two years in the penitentiary; whereas if he had been convicted of the crime with which he was charged, and no recommendation by the jury made, he would have been sentenced to death. It

also appears that the attorney exercised sound judgment in not prosecuting an appeal. We do not think, therefore, that the case falls within the provisions of the statutes which we have quoted above. For by the uncontroverted testimony the attorney to whom the note was given did attend in person the trial of the case wherein his services were to be rendered. In such a case the note given for the fee was not void. And even if the plea of failure of consideration might have been urged against the collection of the note by the attorney, that defense could not be urged against an assignee of the note who took the same without notice and before maturity of the note. We think, therefore, the court did not err in directing a verdict for the defendants.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., dissenting. I am of the opinion that the trial judge was not authorized to direct a verdict, because under the provisions of § 4951 of the Code the note was void, and under the evidence in the case the issue should have been submitted to a jury as to whether there was such a contract involved as is described in the code section.