## LEE v. GARLAND.

CANDLER, Justice. Otis K. Lee filed a suit for equitable relief in the Superior Court of Fulton County against Reuben Garland. The petition in substance alleges: The plaintiff was indicted for murder on June 13, 1950. He employed the defendant, an attorney, to represent him for an agreed fee of $1200, and $500 in cash was paid by him on the employment contract. Subsequently, the defendant demanded an additional fee of $4000, and the plaintiff, on July 3, 1950, gave him a promissory note for that amount, due and payable as follows: $1200 on July 5, 1950, and the balance in 90 days; and, contemporaneously therewith and as security therefor, he executed and delivered to the defendant a security deed, with a power of sale, conveying to him certain real estate in Fulton County. It is alleged that the plaintiff's promise to pay the additional fee of $4000 was contingent upon the happening of either of two events, namely, a trial in which the plaintiff was represented in Fulton Superior Court by the defendant and at which witnesses, after being subpoenaed, were examined, and where a jury verdict was obtained, or securing the plaintiff's release from the charge against him without a trial. It is also alleged that the defendant, on the plaintiff's arraignment for trial, filed a plea admitting that the plaintiff was guilty of involuntary manslaughter in the commission of an unlawful act; and that no obligation, therefore, rests upon the plaintiff to pay the contingent fee of $4000. It is also alleged that the defendant has advertised the property described in the security deed for sale and that he will wrongfully sell it at public auction unless restrained. Besides for process, the prayers of the petition are that the note and the security deed be declared null

and void and that a sale of the property involved be enjoined. The petition was dismissed on general demurrer, and the exception is to that judgment. *Held:*

1. The whole tenor of the petition in the case at bar is to change by parol an absolute ,unconditional promissory note into a conditional obligation; and that can not be done in the absence of fraud, accident, or mistake, the allegation of which must always be full and explicit. *Lester* v. *Fowler,* 43 *Ga.* 190; *Haley* v. *Evans,* 60 *Ga.* 157; *Hirsch* v. *Oliver,* 91 *Ga.* 554 (18 S. E. 354); *Lunsford* v. *Malsby,* 101 *Ga.* 39 (28 S. E. 496); *Bullard* v. *Brewer,* 118 *Ga.* 918 (45 S. E. 711); *Johnson* v. *Nisbet,* 137 *Ga.* 150 (72 S. E. 915); *Probasco* v. *Shaw,* 144 *Ga.* 416 (87 S. E. 466). In other words, where parties have reduced to writing what appears to be a complete and certain agreement, it will in the absence of fraud, accident, or mistake be conclusively presumed that the writing contains the entire contract. *Bullard* v. *Brewer,* supra. "It is in vain to have writings, if parties can be allowed deliberately to reduce a contract to writing and then set up by parol a totally different contract." *Haley* v. *Evans,* supra. It is true, of course, that the maker of a note, when sued, has the right to show by parol, if he can, a want or failure of consideration, but he will not be allowed to prove that his obligation to pay was dependent or conditional upon the promisee's compliance with a prior or contemporaneous agreement not expressed in the note, unless the execution of the note was induced by fraud, accident, or mistake. *Lester* v. *Fowler,* supra; *Howard* v. *Stephens,* 52 *Ga.* 448; *Goodman* v. *Fleming,* 57 *Ga.* 350; *Dixon* v. *Bond,* 18 *Ga. App.* 45 (88 S. E. 825). In the present case, it is not alleged that any prior or contemporaneous agreement making payment of the note contingent on the happening of some future event was omitted from the note either by fraud, accident, or mistake. As to that the petition is wholly silent, and in the absence of such an allegation we must and will presume conclusively that the note in question correctly speaks the contract.

2. Under the foregoing ruling, the plaintiff was not entitled to the injunctive relief sought; and, accordingly, the petition failed to state a cause of action for any of the relief prayed. Therefore, it was not erroneous, as contended, for the court to sustain the defendant's demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur, except Atkinson, P.J., and Head, J., who dissent.*

ATKINSON, Presiding Justice, and HEAD, Justice, dissenting. The majority opinion construes the petition as seeking, by parol evidence, to alter the terms of the deed by making it conditional. We do not think so, but interpret the petition as seeking to explain the consideration, to show that it was not based on the $4000 which appears on its face, and that the consideration wholly failed. It shows that, while the deed recites a consideration of $4000, in fact no actual money consideration was paid, but it was an amount agreed upon as advance payment for legal services, and the services were not rendered. It alleged that the legal services contemplated were that the grantee was to represent the grantor at his trial before a jury, or secure the grantor's release without a trial, and that he did neither.

"The consideration of a deed may always be inquired into when the principles of justices require it." Code, § 29-101. "The recital in a deed of the receipt of the purchase-money does not estop the maker from denying the fact and proving the contrary." § 29-110. "Ordinarily where the statement in a deed as to a consideration is merely by way of recital, the actual consideration of the deed is subject to explanation. But if the consideration is referred to in the deed in such a way as to make it one of the terms or conditions of the contract, it can not be varied by parol." *Coldwell Co.* v. *Coward,* 138 *Ga.* 233, 236 (75 S. E. 425); *Young* v. *Young,* 150 *Ga.* 515 (1) (104 S. E. 149). "While parol testimony is inadmissible to alter the terms and conditions of a written contract, it is admissible to show the circumstances under which a note was made, to explain the consideration and show that it was not, in fact, based on the consideration which appeared upon its face, but what its true consideration was." *Anderson* v. *Brown,* 72 *Ga.* 713 (3); *Burke* v. *Napier,* 106 *Ga.* 327 (32 S. E. 134); *Camp* v. *Matthews,* 143 *Ga.* 393 (85 S. E. 196).

A contract based on promises and conditions as the consideration for other promises and conditions would not permit proof of any consideration other than that expressed in the writing, although either party could set up a failure of consideration. But where the consideration of a deed is stated as $4000, it may be shown that something else was in fact the actual consideration. As was said in *Burke* v. *Napier,* 106 *Ga.* 327, 329 (supra): "The consideration of an ordinary promissory note lies back of its terms and conditions; they spring out of it, but they form no part of it, nor does it form any part of them."

### On Motion For Rehearing.

CANDLER, Justice. Since it appears from the allegations of the petition in this case that the attorney to whom the note and security deed were given did represent the maker thereof in person in the case in which he was employed until final judgment was rendered therein, Code §§ 9-615 and 9-616, and the case of *Weed* v. *Bond,* 21 *Ga.* 195, relied on by the maker, have no application here, for the reasons pointed out in *Copeland* v. *Eubanks,* 175 *Ga.* 198 (165 S. E. 3). It appears from the record that the charge pending against the person indicted was that of murder, and a plea of guilty was entered for involuntary manslaughter in the commission of an unlawful act, which plea was signed not only by the attorney but also by the person charged. It cannot be said that the action of the attorney in procuring a disposition of the case by a plea of guilty for involuntary manslaughter in the commission of an unlawful act—which carried, at the time the plea was entered, a maximum penalty of only three years (Code, § 26-1010)—was not for the best interest of the person charged, when, had he been tried on the charge of murder, he might have been convicted of that offense and given the extreme penalty of death by electrocution. See *Copeland* v. *Eubanks,* supra.

*Rehearing denied, Atkinson, P.J., and Head, J., dissenting.*

No. 17512. Submitted June 12, 1951—Decided July 9, 1951—Rehearing denied July 24, 1951.

254

*Mitchell & Mitchell,* for plaintiff.

*Reuben A. Garland* and *Anthony A. Alaimo,* for defendant.