## 51985. HARPER v. HARPER.

MARSHALL, Judge.

Appellee brought a suit on a note in the amount of $2,716.00, signed by appellant payable to the estate of Sarah Harper, of which appellee is the administrator. The note was given for rental of farm land, property of the estate of Sarah Harper, on which appellant farmed for the year 1973. When the note became due, appellant refused to pay and appellee, as administrator of the estate, brought suit.

In his answer, appellant admitted he executed the note and farmed the land but set out by way of defense and counterclaim that the administrator, in his individual

capacity, had prior to Sarah Harper's death, conveyed to appellant three-fourths of the administrator's individual interest he expected to receive as an heir of the Sarah Harper estate; that when appellee agreed to rent the farm to appellant, appellee agreed to deduct from the amount of rental owed an amount equal to appellant's proportionate interest in the estate under that conveyance; and that appellee has refused to honor the agreement, and has refused to acknowledge that appellant owns an undivided interest in the estate.

Appellee contends that based on the above allegations the trial judge properly granted its motion for summary judgment because the suit was brought by appellee *as administrator,* not as an individual, and that the defense and counterclaim set up in appellant's answer pertain to a conveyance made by appellee, *as an individual.* Appellant contends that he is entitled to a credit on the note for a proportionate share of his own interest in the estate which he acquired by the administrator's personal conveyance prior to the death of Sarah Harper. *Held:*

The suit was brought by the administrator on a simple note executed by the appellant in favor of the estate. The appellant admitted that he signed the note, that he farmed the land and that he did not tender the amount owed when due. There was no evidence submitted in support of his motion for summary judgment that shows a contractual agreement with the administrator other than the note; and such evidence that so changes the terms of the note to make it conditional would be inadmissible. See *Lee v. Garland,* 208 Ga. 251 (1) (66 SE2d 223); *Haley v. Evans,* 60 Ga. 157; *Crosby v. Jordan,* 123 Ga. App. 83 (2) (179 SE2d 537).

Any claim which the appellant may have against the appellee based on a conveyance made by appellee in his individual capacity should be brought by a separate suit, and we do not decide the merits of that claim.

*Judgment affirmed. Pannell, P. J., and McMurray, J., concur.*

ARGUED APRIL 7, 1976 — DECIDED MAY 10, 1976.

*Mills & Chasteen, Ben B. Mills, Jr., Walters, Davis, Ellis & Smith, W. Emory Walters,* for appellant.
*Rogers & McCranie, Murphey Rogers, Rickey R. Ellis, Jr.,* for appellee.