## 34019. DOLANSON COMPANY et al. v. CITIZENS & SOUTHERN NATIONAL BANK.

MARSHALL, Justice.

In the present case, appellee C & S National Bank is seeking a judgment against the partners of appellant Dolanson Company, a general partnership, on a $247,200 partnership note (referred to hereinafter as the Dolanson note) guaranteed by the partners individually.[1] (The partners, appellants herein, are Philip H. Dohn, Jr., John B. Garland, and Everett H. Davidson.) C & S also seeks a judgment against appellant Dohn on a $105,000 promissory note (referred to hereinafter as the Dohn note) executed by him individually.

The appellants allege that the Dolanson note is unenforceable because of the nonoccurrence of certain

---

[1]The Dolanson note was originally executed in 1966, and it was renewed and increased on several occasions prior to the time suit was originally brought by C & S on the note in August of 1975. The property which presently secures the note was not given as collateral until 1972, when the property was put up as collateral in exchange for a 90-day renewal of the note. Not until August of 1974 did the partners guarantee the note in their individual capacities, which was done in exchange for another 90-day renewal of the note.

oral conditions precedent. In addition, the appellants seek damages against C & S for a breach of another alleged oral loan agreement. Appellant Dohn seeks to mitigate or avoid his liability to C & S on the Dohn note on three alleged grounds: (1) accord and satisfaction, (2) usury, (3) harassment by C & S in its debt-collection procedures.

C & S originally filed suit against the appellants in the Civil Court of Fulton County. The appellants later filed this action against C & S in the Fulton Superior Court. The superior court enjoined the civil court action, and it was consolidated with this suit. The trial court granted C & S' motion for summary judgment on its prayers for relief against the appellants and on the denial of the appellants' prayers for relief against C & S. This appeal follows.

1. (a) The Dolanson note was executed in 1966 in order to provide the appellants with financing to purchase 26 acres of unimproved real estate in Cobb County. As shown in the E-Report made by the bank at the time the loan was obtained, this property was to be developed into an apartment complex.

The appellants argue that Mills B. Lane, Jr., president of C & S in 1966, orally agreed to provide construction financing for the property. The appellants argue that the bank breached this oral loan agreement, and it is this breach for which they seek damages.

There are two obstacles to the appellants' recovery for breach of the alleged construction financing agreement.

First, the appellants admit that the bank breached this agreement within three months after it was allegedly entered into in 1966. Since the statute of limitations begins to run at the time of this breach (*Space Leasing Assoc. v. Atlantic Bldg. Systems,* 144 Ga. App. 320 (2) (241 SE2d 438) (1977)), the four-year statute of limitations of Code § 3- 711, which is applicable to oral contracts, has long since run.

Second, it is undisputed that, even if there was such a loan agreement, the interest rate and maturity date were never agreed upon. A loan agreement which fails to specify an interest rate and a maturity date is unenforceable. *Beasley v. Ponder,* 143 Ga. App. 810 (240

SE2d 111) (1977); *Bonner v. Wachovia Mtg. Co.,* 142 Ga. App. 748 (1) (236 SE2d 877) (1977).

(b) As previously stated, the appellants admit that C & S' president, Mills B. Lane, Jr., breached the alleged construction financing agreement within three months after it was entered into. They allege, however, that Lane then agreed to look solely to the property for payment of the loan and to hold the appellants harmless for any repayment of the loan until the property could be sold or a take-out loan (a construction loan from another source) could be obtained.

The appellants are blocked in their attempts to engraft these oral conditions onto the unconditional terms of the promissory note by the parol evidence rule.

The parol evidence rule prohibits the introduction of parol evidence of a prior or contemporaneous oral agreement to alter, vary or change the unambiguous terms of a written contract. Code Ann. §§ 20-704 (1) (Ga. L. 1964, pp. 414, 415), 38-501; *Ansley v. Forest Services, Inc.,* 135 Ga. App. 745 (218 SE2d 914) (1975).

A promissory note is an unconditional contract whereby the maker engages that he will pay the instrument according to its tenor. Code Ann. § 109A-3—413(1) (Ga L. 1962, pp. 156, 261); *Tatum v. Bank of Cumming,* 135 Ga. App. 675 (218 SE2d 677) (1975). In the absence of fraud, accident or mistake an unconditional promissory note cannot be changed into a conditional obligation by parol evidence. *Lee v. Garland,* 208 Ga. 251 (1) (66 SE2d 223) (1951); *Harper v. Harper,* 138 Ga. App. 575 (226 SE2d 804) (1976). See also *First Nat. Bank &c. Co. in Macon v. Thompson,* 240 Ga. 494 (241 SE2d 253) (1978).

The appellants seek to avoid liability to the bank on the Dolanson note on two other grounds.

(c) The appellants argue that they and C & S were engaged in a joint venture for the purpose of developing this property. Contrary to the appellants' allegation, the record affirmatively shows that the relationship between C & S and the Dolanson Company was that of borrower/lender and that a joint venture did not exist. See *Time Financial Services v. Hewitt,* 139 Ga. App. 270 (228 SE2d 176) (1976); *Gainesville Carpet Mart v. First Fed.*

*&c. Assn.,* 121 Ga. App. 450 (174 SE2d 230) (1970).

In addition, even if a joint venture was shown to exist, the appellants have not demonstrated how this would preclude the bank from enforcing the clear and unambiguous terms of the Dolanson note.

(d) Lastly, the appellants argue that by bringing suit on the Dolanson note, C & S breached an oral agreement to extend the note 180 days from the due date of July 10, 1975, to January 10, 1976. What this argument overlooks is that the present suit was not commenced until March of 1976. Thus, even if the oral 180-day extension agreement did exist, it has long since expired and is now moot.[2]

2. Appellant Dohn argues that he is not liable to C & S on the Dohn note on three alleged grounds.

(a) First, Dohn argues that he reached an accord and satisfaction with C & S as to his liability on the Dohn note.

After Dohn was in default under the Dohn note, he gave C & S a check for the past-due interest payments; however, there were insufficient funds in his checking account to cover the check. Dohn stated to C & S that he would transfer funds to his checking account sufficient to cover the check if C & S would agree to a renewal of the note. C & S declined to renew the note. Dohn did not transfer the funds to the checking account. C & S has not cashed the check.

Thus, the check tendered to C & S by Dohn was not intended to be in full settlement of his liability under the note and, therefore, could not have worked an accord and satisfaction. Code §§ 20-1201, 20-1204; *Colfax Gin Co. v. Buckeye Cotton Oil Co.,* 24 Ga. App. 610 (101 SE 697) (1919). In any event, C & S did not agree to this partial accord. Appellant Dohn's defense of accord and satisfaction is therefore without merit.

---

[2]In addition, we note an inconsistency between the appellants' argument that they entered into this agreement with the bank and the appellants' argument that they agreed with the bank that the Dolanson note would not become due until the property was sold or a take-out loan obtained.

(b) Secondly, Dohn argues that the $105,000 Dohn note is usurious. In making this argument Dohn overlooks Code Ann. § 57-119 (Ga. L. 1969, pp. 80, 81), which prohibits the defense of usury on any loan under which the principal balance to be repaid is $100,000 or more.

(c) Lastly, appellant Dohn seeks damages against C & S for harassment. In *Gouldman-Taber Pontiac, Inc. v. Zerbst,* 213 Ga. 682 (100 SE2d 881) (1957), this court concluded that reasonable and necessary actions taken by a creditor to collect a bill do not constitute an actionable wrong against the debtor. By negative implication, it has been found that unreasonable bill-collection procedures, e.g., making false statements, threats, and harassing telephone calls, do constitute an actionable tortious wrong. *Blazer Financial Services of Ga. v. Stewart,* 141 Ga. App. 156 (233 SE2d 1) (1977).

The only harassing bill-collection method alleged by Dohn was C & S' refusal to extend any further loans to him unless the loans were secured by a mortgage on his home, which is owned by his wife. This is a reasonable refusal to extend the credit and does not constitute an actionable wrong.

The present case presents no genuine issue of material fact. We conclude that the trial court did not err in resolving the case against the appellants as a matter of law.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., who is disqualified.*

Argued September 19, 1978 — Decided December 5, 1978.

*Katz, Paller & Land, John E. Robinson, G. Roger Land,* for appellants.

*Alston, Miller & Gaines, Ronald L. Reid, Dana Lamer,* for appellee.