Curtis GURLEY, Administrator of the Estate of Janie Lynn Gurley Buyer, Deceased, Plaintiff,

v.

Lucy CARPENTER, Administratrix of the Estate of Kenneth Charles Wilemon, et al., Defendants.

Curtis GURLEY, Administrator of the Estate of Heather Marie Humphreys, Deceased, Plaintiff,

v.

Lucy CARPENTER, Administratrix of the Estate of Kenneth Charles Wilemon, et al., Defendants.

Curtis GURLEY, Guardian of Natalie Buyer, a Minor, Plaintiff,

v.

Lucy CARPENTER, Administratrix of the Estate of Kenneth Charles Wilemon, et al., Defendants.

Nos. WC84–98–LS to WC84–100–LS.

United States District Court, N.D. Mississippi, W.D.

Oct. 27, 1987. .

John Booth Farese, Farese, Farese & Farese, P.A., Ashland, Miss., for plaintiff.

Robert M. Carter, Sumners, Carter, Trout & McMillin, P.A., New Albany, Miss., for defendants.

## OPINION

SENTER, Chief Judge.

These causes come before the court on the joint motion of the parties for judgment on stipulated facts. The sole issue remaining in each of these causes is the liability of United States Fidelity and Guaranty Insurance Company (hereinafter U.S.F. & G.) to Natalie Buyer and the estates of Janie Lynn Gurley Buyer and Heather Marie Humphreys. For the reasons set forth below, the court finds that U.S.F. & G. is liable to Natalie Buyer in the amount of $17,666.67, the estate of Janie Lynn Gurley Buyer in the amount of $16,666.66, and the estate of Heather Marie Humphreys in the amount of $17,666.67. U.S.F. & G. is also liable to the estate of Kenneth Charles Wilemon in the amount of $1,000.00 under the medical pay coverage. The total liability of U.S.F. & G. is therefore $53,000.00.

## FACTS

The stipulated facts are as follows: Janie Lynn Gurley Buyer and U.S.F. & G. entered into a contract of insurance on Ms. Buyer's 1982 Mazda GLC automobile on March 3, 1983. On or about November 3, 1983, U.S.F. & G. mailed a renewal premium notice to Ms. Buyer. Included with this notice was an exclusion endorsement changing the uninsured motorist and liability coverage of the contract. The modification to the liability coverage stated that "we do not provide liability coverage for any person for bodily injury to you or any family member." Curtis Gurley, Ms. Buyer's father, paid the premium for Ms. Buy-

er and neither noticed the exclusion endorsement nor forwarded it to Ms. Buyer.

On April 14, 1984, Mr. Kenneth Charles Wilemon was driving Ms. Buyer's automobile on U.S. Highway 78 in Marshall County, Mississippi. Ms. Buyer and her daughters, Heather Marie Humphreys (age 7) and Natalie Buyer (age 2), were passengers in the automobile. For reasons unknown, Mr. Wilemon veered across the highway and into the path of an eighteen wheel tractor-trailer operated by Johnny E. Davis (a citizen of Arkansas) and owned by Mitchell, Dowdy, Riley Cartage, Inc. (an Arkansas Corporation). Mr. Wilemon, Ms. Buyer, and Heather Marie Humphreys were killed. Natalie Buyer was seriously injured.

These actions were originally brought in the Circuit Court of Marshall County by Curtis Gurley as guardian of Natalie Buyer and administrator of the estates of Janie Lynn Gurley Buyer and Heather Marie Humphreys. The defendants were Johnny E. Davis, Mitchell, Dowdy, Riley Cartage, Inc., and Osborne Bell, the sheriff of Marshall County and executor of the estate of Kenneth Charles Wilemon. The defendants removed the cases to this court. Jurisdiction was proper in this court because the heirs of Kenneth Charles Wilemon are citizens of the States of Arkansas and Tennessee. Because the other defendants were citizens of Arkansas and the plaintiff and his wards and decedents were citizens of Mississippi, there was complete diversity to sustain original jurisdiction under 28 U.S.C. § 1331.

Johnny E. Davis and Mitchell, Dowdy, Riley Cartage, Inc., have subsequently been dismissed as defendants in these actions. U.S.F. & G. has provided counsel for Osborne Bell and his successor execu-tor, Lucy Carpenter, because Mr. Wilemon was the driver of the insured vehicle. U.S. F. & G. has admitted liability under the policy, but contends that the exclusion endorsement is valid to the extent that the insurance exceeds the minimum under the Mississippi Safety Responsibility Act—Miss.Code Ann. § 63-15-43(2)(b).[1] U.S.F. & G. has, therefore, filed a bill in the nature of interpleader with the court and has paid in $23,000.00—the $20,000.00 per accident liability limit of § 63-15-43(2)(b) and $1,000.00 per person under the policy's medical pay coverage for Kenneth Charles Wilemon, Heather Marie Humphreys, and Natalie Buyer.

## CONTENTIONS OF THE PARTIES

The plaintiff contends on three separate grounds that the exclusion endorsement included with the November 3, 1983, renewal premium is invalid. First, the plaintiff contends that since Ms. Buyer was not aware of the endorsement, it cannot be effective as to her. Second, the plaintiff contends that the exclusion of family members who were not a party to the contract denies those family members due process and equal protection vis a vis unrelated persons not a party to the contract. Third, the plaintiff argues that since the exclusion violates § 63-15-43(2)(b), the exclusion is completely invalid and not simply to the extent of the minimum coverage under § 63-15-43(2)(b).

## CONCLUSIONS OF LAW

### 1. The Effectiveness of the Endorsement

The parties have stipulated that the exclusion endorsement was never read by Ms. Buyer or her father. The plaintiff con-

1. Section 63-15-43(2)(b) states: "(2) Such owner's policy of liability insurance: ... (b) shall pay, on behalf of the insured named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, all sums which the insured shall become legally obligated to pay as damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Cana-da, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows: ten thousand dollars ($10,000.00) because of bodily injury to or death of one (1) person in any one (1) accident and, subject to said limit for one (1) person, twenty thousand dollars ($20,000.00) because of bodily injury to or death of two (2) or more persons in any one (1) accident, and five thousand dollars ($5,000.00) because of injury to or destruction of property of others in any one (1) accident."

tends that the endorsement was a modification to an existing contract and that the modification of the contract must "itself comply with the requirements of a valid contract." *Petition of M/V Elaine Jones,* 480 F.2d 11 (5th Cir.1973), *amended sub nom, Canal Barge Co. Inc. v. Griffith,* 513 F.2d 911 (5th Cir.1975), *cert. denied,* 423 U.S. 840, 96 S.Ct. 71, 46 L.Ed.2d 60 (1976). The plaintiff argues that Ms. Buyer never saw the endorsement and could not have agreed to it and that the offer by the insurance company to modify the contract was not accepted.

The Supreme Court of Mississippi has held in *Krebs v. Strange,* 419 So.2d 178 (Miss.1982), that a modification of a contract of insurance within the policy period would not be valid even if signed by the policyholder in the absence of additional independent consideration. Since no consideration was given for the endorsement in that case, the policy was enforced as originally written. The court ruled that the rights of the party "lock in" when the insurance contract is accepted by the insured and the premium paid. However, that case differs materially from the causes *sub judice* in that here the term of the original policy was at an end when the insurer attempted to modify the contract. Further, the insured in *Krebs* actually signed and returned the endorsement. Whether the endorsement is effective will turn on (1) whether a contract containing a renewal provision is continuous and the exclusion endorsement a modification of that contract or whether the renewal was an independent contract, (2) whether Curtis Gurley was the agent of Ms. Buyer and accepted the contract by paying the premium, and (3) whether the endorsement is effective even if not read and assented to.

There are four possible results to this issue. If the contract was continuous and either Curtis Gurley was not the agent of Ms. Buyer or the endorsement is not effective unless actually noted, then the endorsement was a modification to an existing contract to which no assent was made and U.S.F. & G. will be liable for the $50,-000.00 limits of the policy. If the contract was continuous and Gurtis Gurley was the

agent of Ms. Buyer, then the endorsement is effective and U.S.F. & G. would be liable only to the extent that the Mississippi Safety Responsibility Act requires. The same result will obtain if the renewal is an independent contract and Curtis Gurley is the agent of Ms. Buyer. If the contract is independent and Curtis Gurley is not the agent of Ms. Buyer, then no contract was ever formed and U.S.F. & G. has no liability under a nonexistent policy.

**a. A Mississippi Insurance Policy With Renewal Provision is Continuous**

The defendant cites *Mississippi Insurance Underwriting Ass'n. v. Maenza,* 413 So.2d 1384 (Miss.1982), for the proposition that a renewal contract is a new contract for insurance. The insurance policy considered in that case was issued pursuant to Mississippi Code Annotated § 83–35–15(2). As the court emphasized in that opinion, renewal under that statute is automatic *UPON APPLICATION.* In the insurance contract *sub judice,* renewal is automatic if the insurer does not notify the insured twenty days before the end of the term of an intent to terminate and if the premium is timely paid. The logic of *Maenza* clearly does not apply to these facts.

The policy and method by which the endorsements were sent contemplate an automatic renewal of the contract at the end of its term. An automatic renewal implies a continuous contract. Mississippi recognizes that renewals may be considered continuations of the same contract. In *Phoenix Fire Ins. Co. v. Hoffheimer Bros. & Co.,* 46 Miss. 645, 654–56 (1872), an insurance policy was procured covering certain merchandise in the hands of an agent. The original policy listed the agent as such. Upon lapse of the first policy, the agent applied for a renewal of the policy from the same insurance agent. The insurance agent procured a second policy with the same coverage from a different insurer. The agent holding the goods was accidentally listed as the insured. The Supreme Court of Mississippi held that the policy was a renewal of the original policy and continuous in effect. The court, therefore,

permitted reformation of the contract to list the intended insured and permit enforcement of the reformed instrument.

This result is in accordance with the general rule that an insured may rely on the assumption that renewal will be on the same terms as the original contract where the changes in the policy are not called to his attention. Annotation, *Insurance Company as Bound by Greater Coverage in Earlier Policy Where Renewal Policy is Issued Without Calling to Insured's Attention a Reduction in the Policy Coverage*, 91 A.L.R.2d 546, 549 (1963). *See also* 18 *Couch on Insurance 2d*, (Rev.Ed) §§ 68:40—68:42, 68:47 (1983).

**b. Curtis Gurley Was Not the Agent of the Insured**

 The renewal premium notice and the exclusion endorsement were not seen by Ms. Buyer because her father, without her permission, gratuitously paid the premium to U.S.F. & G. The parties have stipulated that he will testify that his daughter did not authorize this act. In the absence of an express agency, was this payment of the premium nonetheless an act of agency? Curtis Gurley is properly described as an agent of Ms. Buyer on a theory of agency by estoppel. Mr. Gurley undertook to make the premium payment and prevented his daughter from seeing the premium notice. He thereby prevented his daughter from seeing the exclusion endorsement and either agreeing to the endorsement or refusing to continue insurance with U.S.F. & G. Since U.S.F. & G. incurred a detriment by continuing liability coverage based on his payment, Mr. Gurley is estopped from denying that he was his daughter's agent. *Alabama Great Southern R. Co. v. McVay*, 381 So.2d 607, 611–12 (Miss.1980). But this estoppel is against Curtis Gurley personally and not against Curtis Gurley as administrator of the estates or as guardian of Natalie Buyer. A defense against the administrator personally is not a defense against the same person in a fiduciary capacity. *See, e.g., Harper v. Harper*, 138 Ga.App. 575, 226 S.E.2d 804 (1976) (In action between estate and tenant, tenant was not permitted to counterclaim that the executor had sold the tenant his anticipated share of the property before the testator's death–tenant's claim must be brought in separate action); *Huyler v. Dolson*, 101 App.Div. 83, 91 N.Y.S. 794 (Testator and husband (later executor) jointly participated in fraud whereby insured assigned life insurance policy to testator. Plaintiff unable to assert executor's fraud as defense in action on policy where executor was not sole beneficiary of estate). It would be inequitable to prevent recovery by the estates or the injured child because of the fortuity that the estopped party was appointed to this post by the Chancery Court of Marshall County.

There is no agency by estoppel as to Ms. Buyer, however. Before a principal can be estopped to deny an agency, the party asserting the agency must show conduct calculated to mislead, under circumstances in which the "principal" should have expected the third party to rely upon it and that the conduct was in fact acted on in good faith by the third party. 2A C.J.S. *Agency* § 61(b) page 641 (1972). This requires some representation on the part of the principal and some benefit to her. *Id.* Here there was no representation by Ms. Buyer.

A related theory would be that Ms. Buyer ratified her father's act. The insurance policy plainly stated that the initial term would terminate on November 3, 1983. As of April 14, 1984, Ms. Buyer had made no inquiry of U.S.F. & G. about renewal of the policy. The evidence indicates that Ms. Buyer accepted the benefit of her father's payment of the insurance premium without question. This would appear to be an implied ratification. However, Mississippi does not recognize the doctrine of implied ratification. *See Gulf Refining Co. v. Travis*, 201 Miss. 336, 29 So.2d 100, 104–05 (1947).

Quoting *Story on Agency* § 231 n. 1, the Supreme Court of Mississippi there ruled that "The principal, before a ratification becomes effective against him, must be shown to have had previous knowledge of *all* the facts and circumstances in the case, and if he assented to or confirmed the act of his agent while in ignorance of *all* the

circumstances, he can afterwards, when informed thereof, disaffirm it." (Emphasis added.) Therefore, it must be shown that Ms. Buyer had complete knowledge of *both* her father's payment of the premium *and* of his failure to disclose the exclusion endorsement to her before Ms. Buyer can be held to have ratified her father's acts. This is not reflected in the stipulations and is, in fact, a logical impossibility. The court can only conclude that there is no effective defense based on an agency relationship under the present facts.

### c. Modification is Not Effective When Not Read by Insured or Her Agent

■ Several states have ruled that reformation is not precluded even though the insured does not read the new policy. Annotation, *supra*, 91 A.L.R.2d at 558–62. The logic behind this is that the insured is entitled to rely on the supposition that the renewed policy is identical to the original. As discussed above, Mississippi follows this policy. Since Ms. Buyer never received the policy and the policy was not in fact read by Curtis Gurley, the above rule would appear to apply in the causes *sub judice*. Therefore, the exclusion endorsement would not be effective even if there was an agency relationship between Ms. Buyer and her father. The case cited by the defendants, *Maryland Casualty Co. v. Adams*, 159 Miss. 88, 131 So. 544 (1931), is readily distinguishable. That case involved a failure of the initial policy of insurance to conform with the requested policy. Consequently there was no right in that case to rely on an identity between the original and a continuation policy.

### d. Conclusion

The court makes the following conclusions. The insurance policy was continuous and the renewal was not a separate and independent contract. Curtis Gurley was not an agent under any theory which would be effective against the estate of Ms. Buyer, the estate of Ms. Humphreys, or Natalie Buyer. The exclusion endorsement was not effective as to Ms. Buyer or her estate even if Mr. Gurley was her agent because neither of them read the exclusion and because under a continuous policy, they were entitled to rely on the policy retaining identical provisions from period to period. Consequently, U.S.F. & G. is liable for the policy limits of $50,000.00 in liability coverage under the terms of the policy as originally written.

### 2. Due Process and Equal Protection

Plaintiff alleges that even if the modification were effective as to Ms. Buyer, it would not be effective as to her two minor children because this would violate their equal protection and due process rights under the Constitutions of the United States and Mississippi. The courts have regularly upheld laws discriminating between children, parents, or other family members and unrelated third parties. *See, e.g., State Farm Mutual Automobile Insurance Co. v. Ammar*, 126 Cal.App.3d 837, 179 Cal.Rptr. 146 (1982) (inclusion of minor children within the term "insured" on automobile insurance policy did not violate their equal protection rights); *Berger v. Weber*, 411 Mich. 1, 303 N.W.2d 424 (1979) (no equal protection claim was stated where parent could claim consortium loss for injury to child but child could not claim consortium loss for injury to parent); *Montz v. Mendaloff*, 40 Md.App. 220, 388 A.2d 568 (1978) (upholding doctrine of intrafamily immunity from an equal protection challenge). This argument is specious.

### 3. Validly Accepted Exclusion in Contravention of Statutory Minimum Requirements is Void Only to the Extent of Those Requirements

■ The plaintiff also alleges that an exclusion endorsement counter to the express provisions of Mississippi Code Annotated § 63–15–43(2)(b) is wholly void, subjecting the insurer to the full liability under the policy. This precise argument was considered and rejected by Judge Keady in *Universal Underwriters Insurance Corporation v. American Motorists Insurance Company*, 541 F.Supp. 755, 759–62 (N.D.Miss.1982). That case held that an exclusion as to use of the covered vehicle by an individual engaged in an automobile business was void only to the extent of the minimum coverage mandated by the stat-

ute. The court held this even though this was the first accident in a vehicle owned by the insured and the statute requires the minimum coverage only after an accident.[2] The logic of that case is compelling. The Supreme Court of Mississippi has held in *United States Fidelity and Guaranty Co. v. Stafford*, 253 So.2d 388 (Miss.1971), that policy provisions which provide lesser coverage than that mandated by the statute must be read as incorporating the statutory terms. In *Talbot v. State Farm Mutual Insurance Company*, 291 So.2d 699 (Miss. 1974), the Supreme Court of Mississippi elaborated on this rule by holding that parties are free to contract for coverage in excess of the statutory minimum but that coverage in excess of the statutory limit can be excluded by provisions in the contract. The remedy sought in these cases is an equitable one, reformation of an instrument, and capable of flexible use so as to both meet the requirements of the statute and preserve the intent of the parties.

## Apportionment of the Award

The $50,000.00 coverage under the liability coverage should be equally divided between Natalie Buyer and the estates of Janie Lynn Gurley Buyer and Heather Marie Humphreys. In addition thereto, as stipulated by the parties, Natalie Buyer and the estates of Kenneth Charles Wilemon and Heather Marie Humphreys are each entitled to payment of $1,000.00 under the medical pay coverage of the policy.

Judgments in conformity with this opinion shall issue.

---

**2.** U.S.F. & G. has discussed *Perry v. State Farm Mutual Automobile Insurance Company*, 606 F.Supp. 270 (S.D.Miss.1985), and *Perry v. Southern Farm Bureau Casualty Insurance Co.*, 251 Miss. 544, 170 So.2d 628 (1965), and has suggested that under these cases the Mississippi Safety Responsibility Act would not apply where, as here, the accident under the policy was the first accident in which the insured was involved. Although in accord with the language of the statute, such a result is a plain abrogation of the intent of the legislature in passing the Act. The Act is designed to force those who have demonstrated a potential for creating injuries on the highways of Mississippi to adequately insure against those injuries. It is grotesque to construe the language of the statute so as to deny recovery to persons suffering just such injuries on the mere happenstance that the policy under which the vehicle was insured was procured by a person who had not yet had an accident.