Arthur James LEWIS, Petitioner,

v.

Jack R. DUCKWORTH; and Indiana Attorney General, Respondents.

Civ. No. S 86–539.

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 16, 1987.

Arthur J. Lewis, pro se.

Kermit Hilles, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

Petitioner, Arthur James Lewis, filed a petition *pro se* pursuant to 28 U.S.C. § 2254 on September 24, 1986. Petitioner also filed an extensive amended petition. The response, filed on June 4, 1987, by the respondents, demonstrates the necessary compliance with *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982). Although the record in this case is somewhat convoluted, the issues are not that difficult.

This petitioner was convicted of murder in the second degree for killing the Sheriff of Pulaski County, Indiana, while the Sheriff was attempting to thwart his escape from jail. In *Lewis v. State,* 268 Ind. 398, 375 N.E.2d 1102 (1978), Justice Prentice, speaking for the Supreme Court of Indiana, 375 N.E.2d at p. 1103, described the evidence against petitioner as "overwhelming." Since his conviction, petitioner has created a lengthy judicial paper trail challenging the conviction in a wide variety of ways. Perhaps the single paragraph of Justice Prentice's opinion sets the stage as follows:

> Defendant was convicted of murder in the second degree upon overwhelming evidence that he killed the Sheriff of Pulaski County who was attempting to thwart his escape from jail. Following the denial of the defendant's motion to correct errors, which had been filed by counsel, the defendant, on November 18, 1968, filed a *pro se* motion for the appointment of appellate counsel and for a transcript of the trial proceedings. On the same day, he proceeded with "self-help" by escaping from the Indiana State Prison where he had been incarcerated, not to be returned to custody until May 31, 1969. On November 27, 1968, the trial court dismissed the aforementioned motion upon the grounds of the defendant's escape.

As a not altogether irrelevant aside, the Supreme Court of Indiana very recently seems to have ruled in a parallel situation exactly the same as Justice Prentice ruled in *Lewis.* See *Weatherford v. State,* 512 N.E.2d 862 (Ind.1987). The opinion of Justice DeBruler is bottomed on the concept that post-conviction proceedings are not a substitute for direct appeal, but certainly he does not bottom that contention on any state or federal constitutional right.

█ In 1980, this same petitioner filed a petition for writ of habeas corpus in this court under this same statute entitled *Arthur James Lewis v. Jack R. Duckworth,* 673 F.Supp. 310 (N.D.Ind.1987), which proceeding this court takes full judicial notice of. The Seventh Circuit opinion, authored by Judge Posner who was joined by Judges Bauer and Cudahy, is compatible with the aforesaid opinion of Justice Prentice speaking for the Supreme Court of Indiana. See *Lewis v. Duckworth,* 680 F.2d 508 (7th Cir.1982). Certainly, the allegations of the amended petition here are more elaborate in their detail than the one in Cause Number S 80–20, but in the essentials, the same issues and arguments are presented. Rule 9(b) of the Rules Governing § 2254 actions in United States District Courts deals specifically with second or successive petitions as follows:

> Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Recently, a plurality of the Supreme Court of the United States speaking for Justice Powell in *Kuhlmann v. Wilson*, 477 U.S. 436, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986), dealt precisely with this subject and stated as follows:

> In the light of the historic purpose of habeas corpus and the interests implicated by successive petitions for federal habeas relief from a state conviction, we conclude that the "ends of justice" require federal courts to entertain such petitions only where the prisoner supplements his constitutional claim with a colorable showing of factual innocence. This standard was proposed by Judge Friendly more than a decade ago as a prerequisite for federal habeas review generally. *Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U.Chi.L.Rev. 142 (1970). As Judge Friendly persuasively argued then, a requirement that the prisoner come forward with a colorable showing of innocence identifies those habeas petitioners who are justified in again seeking relief from their incarceration. We adopt this standard now to effectuate the clear intent of Congress that successive federal habeas review should be granted only in rare cases, but that it should be available when the ends of justice so require. The prisoner may make the requisite showing by establishing that under the probative evidence he has a colorable claim of factual innocence. The prisoner must make his evidentiary showing even though—as argued in this case—the evidence of guilt may have been unlawfully admitted.[17] (Footnote omitted).

106 S.Ct. at 2627.

■ Another question here is whether petitioner has procedurally defaulted. Procedural default occurs where the petitioner has not complied with reasonable state procedures, and the state's highest court has not been given the opportunity to resolve the merits of the petitioner's constitutional claim. *Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir.1982). In other words, if the petitioner fails to appeal an issue from a trial or a post-conviction relief petition within the time period set forth by the state proce-dural guidelines, review of that issue may be forever barred in the federal courts.

■ The Supreme Court of the United States has approached the topic of procedural default from two different angles. First, in *Fay v. Noia, supra*, 372 U.S. 391, 398–399, 83 S.Ct. 822, 826–827, 9 L.Ed.2d 837 (1963), the Court held that federal courts have power under the federal habeas statute to grant relief despite the applicant's failure to have pursued a state remedy not available to him at the time he applies for federal relief. After Noia had been denied state post-conviction relief, he allowed the time for a direct appeal to lapse without seeking review by a state appellate court. *Fay v. Noia*, 372 U.S. at 394, 83 S.Ct. at 825. The issue on which Noia had defaulted was whether his confession had been coerced thus allowing his conviction to be procured in violation of the Fourteenth Amendment. According to the Court, Noia had the choice whether to sit content with life imprisonment or to formulate an appeal which, if successful, might have led to a retrial and possible death sentence. 372 U.S. at 440, 83 S.Ct. at 849. Thus, the Court held that Noia's failure to appeal here was not an intelligent and understanding waiver of his right to appeal such as to justify the withholding of federal habeas corpus relief. 372 U.S. at 399, 83 S.Ct. at 827. However, an exception was delineated where a prisoner deliberately bypasses the orderly procedure of the state courts. In this situation, the federal court may deny relief.

The deliberate bypass standard enunciated in *Fay v. Noia* was rejected nearly fourteen years later in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In the majority opinion, Justice Rehnquist implemented the cause and prejudice standard in which a petitioner must show cause for the bypass and actual prejudice arising from the default. 433 U.S. at 87, 97 S.Ct. at 2506. Sykes was arrested and police read him rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Sykes declined the opportunity to seek counsel, indicated a desire to talk, and proceeded to

make a statement which was admitted into evidence at the trial. Counsel for Sykes did not challenge the admissibility of any of his statements on the ground that Sykes had not understood the *Miranda* warnings. Sykes then appealed his conviction, but apparently did not challenge the admissibility of the inculpatory statements. Subsequently, Sykes filed a petition for a writ of habeas corpus asserting the inadmissibility of his statements by reason of his lack of understanding of the *Miranda* warnings. The Court held that where a prisoner asserts for the first time in federal court a claim which was not properly raised in a state court, that prisoner must show cause for not complying with state procedural rules, and prove the actual prejudice which resulted from that noncompliance. The Court, however, did not explicitly overrule *Fay v. Noia, supra,* but did reject its sweeping language. 433 U.S. at 87–88, 97 S.Ct. at 2506–2507.

Two 1986 Supreme Court cases have helped to define the definition of the "cause and prejudice" standard set forth in *Wainwright v. Sykes, supra.* In *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Court held that a federal habeas petitioner cannot show cause for a procedural default by establishing that a competent defense counsel's failure to raise a substantive claim of error was inadvertent rather than deliberate. The Court further held that so long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), there is no inequity in requiring defendant to bear the risk of attorney error that results in a procedural default. 106 S.Ct. at 2645–2646. Existence of a cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. *Id.* The Court did note, however, that where a constitutional violation has resulted in the conviction and subsequent incarceration of one who is actually innocent, the federal court may grant

the writ even in the absence of a showing of cause for the procedural default. 106 S.Ct. at 2650. Carrier did not allege that any external impediment prevented his counsel from complying with the state's procedural rule. Carrier also did not claim that his counsel's performance on appeal was so deficient as to be ineffective assistance of counsel. See *United States v. Kovic,* 830 F.2d 680 (7th Cir.1987); *Williams v. Lane,* 826 F.2d 654 (7th Cir.1987); *United States ex. rel. Lewis v. Lane,* 822 F.2d 703 (7th Cir.1987); and *United States ex. rel. Barnard v. Lane,* 819 F.2d 798 (7th Cir.1987). Neither did Carrier present any evidence which would exonerate him from the crime of which he was convicted. Thus, the Court denied Carrier's request for federal habeas relief.

In a second case, *Smith v. Murray,* 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986), the Court dismissed Smith's habeas because he defaulted his underlying constitutional claim by failing to press it before the Supreme Court of Virginia on direct appeal. The Court further held that a deliberate, tactical decision not to pursue a particular constitutional claim on direct appeal does not excuse a defendant's failure to adhere to a state's adequate procedural rule so as to permit review of that claim in federal habeas proceedings. 106 S.Ct. at 2666. See *Williams v. Lane,* 826 F.2d 654 (7th Cir.1987); and *United States ex. rel. Villa v. Fairman,* 810 F.2d 715 (7th Cir. 1987). Smith claimed that the constitutional error occurred when the prosecutor elicited testimony from a psychiatrist concerning the content of an interview with Smith which was conducted to explore the possibility of presenting psychiatric defenses at trial. The Court, citing *Murray v. Carrier, supra,* held that the decision of Smith's counsel not to pursue this claim on direct appeal did not constitute cause for procedural default because of "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it,...." *Smith v. Murray,* 106 S.Ct. 2667, citing *Murray v. Carrier,* 106 S.Ct. at 2641. Furthermore, the Court held that the applica-

tion of the cause and prejudice test would not result in a "fundamental miscarriage of justice", in Smith's instance, since there was no allegation that the testimony derived from the psychiatrist at trial was false or in any way misleading. 106 S.Ct. at 2668; see also *Engle v. Isaac,* 456 U.S. 107, 135, 102 S.Ct. 1558, 1575, 71 L.Ed.2d 783 (1982). In sum, the holding of the Court was that:

> When the alleged error is unrelated to innocence, and when the defendant was represented by competent counsel, had a full and fair opportunity to press his claim in the state system, and yet failed to do so in violation of a legitimate rule of procedure, that burden has been carried.

106 S.Ct. at 2669.

Petitioner was an escapee when his direct appeal could have been effectuated. Petitioner's failure to appeal in this context is a procedural default.

In addition to *Weatherford, supra,* there is a plethora of authority beyond the boundaries of Indiana that deal with a direct appeal of a conviction where an inmate has escaped. For the application thereof in the federal court system, see *Hall v. State of Alabama,* 700 F.2d 1333 (11th Cir.1983), *cert. denied,* 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983); *United States v. London,* 723 F.2d 1538 (11th Cir.1984), *reh'g denied,* 727 F.2d 1116 (11th Cir.1984), *cert. denied,* 467 U.S. 1228, 104 S.Ct. 2684, 81 L.Ed.2d 878 (1984); *United States v. Phillips,* 664 F.2d 971 (5th Cir.1981), *cert. denied sub. nom. Meinster v. United States,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982); *Myers v. United States,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982); *Joensen v. Wainwright,* 615 F.2d 1077 (5th Cir.1980), *reh'g denied,* 618 F.2d 781 (5th Cir.1980); and *United States v. Holmes,* 680 F.2d 1372 (11th Cir.1982), *reh'g denied,* 693 F.2d 135 (11th Cir.1982), *cert. denied,* 460 U.S. 1015, 103 S.Ct. 1259, 75 L.Ed.2d 486 (1983).

There is also authority that an appellate court will normally decline to exercise its jurisdiction with respect to a defendant who escaped from custody ending review of his conviction. See *United States v. Macklin,* 671 F.2d 60 (2nd Cir.1982); and *United States v. Wood,* 550 F.2d 435 (9th Cir.1976). Given the decision in this case, the decision in the *Weatherford* case, Judge Posner's opinion in *Lewis v. Duckworth,* the fact that this petitioner was at all relevant times represented by counsel with no charge ineffective of assistance of counsel, and given the current perameters of concept of procedural default in *Murray v. Carrier, supra,* and *Smith v. Murray, supra,* the inference is compelling that this petitioner, by his escape from state custody in 1968, engaged in a procedural default. Certainly, under Judge Friendly's formulation as adopted by the plurality in *Kuhlmann,* he does not make the necessary assertion of actual innocence.

This petition can be dismissed both on the basis that it is a successive petition under *Kuhlmann,* and that there was a procedural default under *Murray v. Carrier* and *Smith v. Murray.* For either or both of those reasons, there is not presented here a bases for the grant of relief under 28 U.S.C. § 2254. Therefore, the same is now DENIED.