**Curtis GURLEY, Administrator of the Estate of Janie Lynn Gurley Buyer, Deceased, Plaintiff–Appellee,**

v.

**Lucy CARPENTER, Administrator of the Estate of Kenneth Charles Wilemon, and United States Fidelity and Guaranty Company, Defendants–Appellants.**

No. 87–4888.

United States Court of Appeals, Fifth Circuit.

Aug. 29, 1988.

Robert M. Carter, Lester F. Sumners, Sumners, Carter, Trout & McMillin, New Albany, Miss., for defendants-appellants.

John Booth Farese, Ashland, Miss., for plaintiff-appellee.

Before KING, JOHNSON and JOLLY, Circuit Judges.

PER CURIAM:

United States Fidelity & Guaranty Company ("USF & G") appeals the district court's decision finding it liable for the $50,000 maximum coverage under its insurance policy for Janie Lynn Buyer, notwithstanding the fact that USF & G had mailed to her an exclusion endorsement, which changed the policy to exclude coverage for these claims. Curtis Gurley, her father and administrator of her estate, sued on the policy after the death of Buyer in a crash caused by an uninsured motorist. The district court found USF & G liable for the full amount under the policy, disregarding the exclusion endorsement, because the endorsement had never reached Buyer, 673 F.Supp. 805. For reasons different from those assigned by the district court, we affirm the judgment for the full amount of coverage under the original insurance contract.

I

Janie Lynn Gurley Buyer and USF & G entered an insurance contract on Buyer's automobile on May 3, 1983. The policy had a six-month term. About November 3,

1983, USF & G mailed a renewal premium notice to Buyer. Buyer's father, Curtis Gurley, received this premium notice, which contained an exclusion endorsement changing the uninsured motorists liability coverage of the contract. The modification to the liability coverage stated that "we do not provide liability coverage for any person for bodily injury to you or any family member." Curtis Gurley himself paid the premium due, without reading the exclusion endorsement and without forwarding this endorsement to Buyer.

On April 14, 1984, Buyer and her two minor daughters were passengers in Buyer's car driven by Kenneth Charles Wilemon, who somehow crossed a highway divider into oncoming traffic, killing himself, Buyer and one of her daughters, and seriously injuring the other daughter. Wilemon was uninsured, and his negligence was solely responsible for the accident.

Curtis Gurley is the administrator of the estates of Buyer and her deceased daughter and is the guardian of the surviving daughter. He filed suit against Wilemon's estate, and claimed that USF & G owed $50,000, the liability limit under the original contract, arguing that the exclusion endorsement was not valid for several reasons. USF & G contends that the family exclusion endorsement does apply to Buyer, but because it violates the minimum requirements of the Mississippi Safety Responsibility Law, USF & G *is* liable, but only for the minimum $20,000 owing under that law.

## II

The district court held that the exclusion endorsement was not effective as to Buyer since she had not seen it or been informed of its existence by her father. The district court further held that Gurley was not acting as her agent when he received the notice and paid the premium. The district court entered judgment apportioning award of the full liability limits among the three plaintiffs all of whom Gurley represented as executor or as guardian. The district court reasoned as follows: the Mississippi insurance policy with its renewal provision is a continuous policy rather than a sequence of independent policies. This conclusion is drawn because the insurance contract calls for automatic renewal if, by twenty days before the end of the term, the insurer does not notify the insured of its intent to terminate, and if the premium is timely paid. Since there is a continuous contract, the insured is entitled to rely on the assumption that renewal will be on the same terms as the original contract where the changes in the policy are not called to his or her attention. Buyer never received the exclusion endorsements so these changes were not called to her attention. Gurley did receive the notice; however, the court found that his receipt of it did not bind Buyer, since USF & G would have to show some evidence that Buyer calculated to mislead USF & G into relying on Gurley as her agent. The district court found that Buyer made no such representations.

The district court further held that Buyer could not be bound through the theory that she had ratified her father's act. The court concluded that Mississippi does not recognize the doctrine of implied ratification, citing *Gulf Refining Co. v. Travis*, 201 Miss. 336, 29 So.2d 100, 104–05 (1947). Under this case law, the district court found that USF & G would have to show that Buyer had complete knowledge of both her father's payment of the premium and of his failure to disclose the exclusion endorsement to her in order to successfully argue that she ratified his acts. The court found that USF & G could not show this. The district court found that the attempted modification of the contract by inclusion of the exclusion endorsement with the renewal notice was not effective as to Buyer, and that USF & G was responsible for the entire amount of liability under the original contract.

The district court also found that had the exclusion endorsement been effective as to Buyer, she would have been entitled only to the $20,000 due under the Mississippi Safety Responsibility Act, Miss.Code Ann. § 63–15–43(2)(b).

### III

We do not reach the questions of Mississippi law that the district court reached because we find that we are able to affirm its result simply by looking at the terms of the insurance policy itself.[1]

The terms of the original policy include the following provision for automatic renewal:

> If we decide not to renew or continue this policy, we will mail notice to the named insured shown in the Declarations at the address shown in this policy. *Notice will be mailed at least twenty days before the end of the policy period....*

It is undisputed that USF & G did not mail to Buyer a notice of nonrenewal twenty days before the end of her policy period; neither did it send her the renewal premium notice with the exclusion endorsement twenty days prior to the end of the policy period. Thus, Buyer's policy coverage had already been extended under the original contract at the time Curtis Gurley received the notice including the exclusion endorsement, unless one of two events obtained. At that point, according to the terms of the contract itself, USF & G could cancel the contract only for nonpayment of the premium or the suspension of Buyer's drivers licence, or that of any other covered driver of the insured automobile. Because Gurley paid the premium and no affected licences had been revoked, neither condition for cancellation was met, and policy coverage was automatically continued under the original policy.

Simply put, once within the twenty-day period before term expiration, USF & G had no right to change the terms of the policy to include less coverage than that already bargained for upon the terms originally agreed. This conclusion is underscored by another provision governing changes in the terms of the contract, which states:

> This policy contains all the agreements between you and us. Its terms may not be changed or waived except by endorse-

ment issued by us. If a change requires a premium adjustment, we will adjust the premium as of the effective date of change.

> We may revise this policy form to provide more coverage without additional premium charge. If we do this, the policy will automatically provide the additional coverage....

Moreover, the change in policy coverage that USF & G attempted to make was a change that under Mississippi law "requires a premium adjustment or other consideration" when made during the effective term of the contract, *Krebs v. Strange*, 419 So.2d 178 (Miss. 1982), and an adjustment was not made here.

### IV

For these reasons, we affirm the judgment of the district court that the exclusion endorsement is ineffective and USF & G is fully liable under the original contract.

AFFIRMED.

---

**1.** Having decided this case the way we do, we make it clear that we do not approve the reasoning of the district court.