**In re FLOORING AMERICA, INC., Debtor.**

**Morton P. Levine, as Chapter 11 Trustee for the Estate of Flooring America, Inc., Plaintiff,**

v.

**Edward P. Kenny, Defendant.**

**Bankruptcy No. 00–68370.**
**Adversary No. 02–9233.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

June 30, 2003.

Stephen H. Block, Levine & Block, Atlanta, GA, for Plaintiff.

David G. Bisbee, McRae & Bisbee, Atlanta, GA, for Defendant.

Morton P. Levine, Levine & Block, Atlanta, GA, Chapter 11 Trustee.

## *ORDER*

JOYCE BIHARY, Bankruptcy Judge.

This adversary proceeding is before the Court on plaintiff's Motion for Summary Judgment. Plaintiff Morton P. Levine is the Chapter 11 Trustee for the estate of Flooring America, Inc. ("Flooring America"), and he seeks to recover $128,146.04 in principal, interest, and attorneys fees from defendant Edward Kenny on a promissory note. Defendant opposes the motion and argues that Flooring America had agreed to purchase the assets of a company owned by Mr. Kenny, Carpet Mills Direct, Inc. ("Carpet Mills") and that the alleged purchase price or the net profits Flooring America collected while running Carpet Mills' business should be setoff against the amount owed by Mr. Kenny on the note. Mr. Kenny also argues that he

is owed certain bonus payments by Flooring America which should be offset against the plaintiff's claim on the note. The parties agree that this is a core proceeding under 28 U.S.C. § 157(b)(2). After carefully considering the briefs and affidavits submitted, the Court finds that plaintiff's motion for summary judgment should be granted in part and denied in part.

A court will enter summary judgment only upon a showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Courts must review all evidence "in the light most favorable to the non-moving party." *Samples on Behalf of Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir.1988). In the instant case, the trustee bears the initial burden of establishing that there is no issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). After the trustee meets this initial burden, the burden shifts to the defendant who must go beyond the pleadings and show that an issue of material fact indeed does exist. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. *Samples*, 846 F.2d at 1330.

Some material facts are undisputed. On or about August 26, 1996, Mr. Kenny executed a promissory note (the "Note") in favor of Flooring America, then operating as the Maxim Group, Inc., in the principal amount of $112,000.00. The Note required Mr. Kenny to make monthly payments of $5,000.00. The Note also required Mr. Kenny to pay all costs of collection, including reasonable attorneys fees. The Note made no reference to any purchase agreement between Flooring America and Carpet Mills or Mr. Kenny. Some payments were made, but Mr. Kenny did not repay the full amount due under the Note. On June 15, 2000, Flooring America filed for relief under Chapter 11 of the Bankruptcy Code, and Morton P. Levine was appointed as Chapter 11 Trustee on February 26, 2001. On June 10, 2002, Mr. Levine filed this complaint to recover the amount due under the Note.

The parties dispute many facts relevant to Mr. Kenny's defenses and claims. Mr. Kenny contends that there was an oral agreement for Flooring America to purchase the assets of Carpet Mills and that Carpet Mills performed its obligations under the agreement by delivering all of its assets to Flooring America. Mr. Kenny claims that the alleged agreement should be enforced and that he should be entitled to offset the amount he owes on the Note against the allegedly agreed-upon purchase price or against the amount of net profits Flooring America collected while operating the Carpet Mills business. Plaintiff disagrees and contends that there were only discussions regarding the purchase of the assets and that no agreement was ever reached. Plaintiff also contends that to the extent a claim for setoff exists, it belongs to Carpet Mills, not to Mr. Kenny.

■ The Trustee is entitled to summary judgment on the Note claim. Mr. Kenny signed the Note in the principal amount of $112,000.00, and the Note calls for monthly payments. Mr. Kenny did not make all of the required monthly payments. The Trustee has met his initial burden of establishing that Mr. Kenny is liable under the terms of the Note. Mr. Kenny contends that the parties intended the amount advanced in the Note to be part of the payment for Carpet Mills' busi-

ness. In support of his argument, Mr. Kenny relies on his affidavit and on the affidavit of A.J. Nassar, former C.E.O. of Flooring America. This argument is insufficient to defeat plaintiff's claim on the Note. The Note makes no reference to any purchase agreement between Flooring America and Carpet Mills. Any agreements reached before the execution of the Note which alter or change the unambiguous terms of the Note are barred by the parol evidence rule and may not be considered. *First Data POS, Inc. v. Willis, et al.,* 273 Ga. 792, 794, 546 S.E.2d 781, 784 (2001); *Dolanson Co., et al. v. Citizens & Southern Nat'l Bank,* 242 Ga. 681, 683, 251 S.E.2d 274, 277 (1978). Accordingly, plaintiff is entitled to summary judgment for principal, interest and attorneys' fees due under the Note.

■ The Trustee is also entitled to summary judgment on Mr. Kenny's claim that amounts owed by Flooring America to Carpet Mills should be setoff against Mr. Kenny's debt on the Note. Defendant Kenny asserts that he is entitled to offset the amount he owes to Flooring America under the Note against the amounts Flooring America owes to Carpet Mills for the purchase of Carpet Mills' assets or for the amount of net proceeds Flooring America collected while operating the Carpet Mills business. The Trustee properly contends that, to the extent such an offset exists, it belongs to Carpet Mills and not to Mr. Kenny. The problem with Mr. Kenny's argument is that a setoff requires a mutual debt: if A owes B, A cannot use a claim by C against B to offset or reduce A's liability. 4 COLLIER ON BANKRUPTCY ¶ 553.03[3][b] (15th ed.2000).

■ Section 553 of the Bankruptcy Code deals with the right of setoff and requires that the obligation giving rise to the setoff arose before filing bankruptcy and that mutuality of obligation exists.

*B.F. Goodrich Employees Fed. Credit Union v. Patterson (In re Patterson),* 967 F.2d 505, 509 (11th Cir.1992); *accord* 4 COLLIER ON BANKRUPTCY ¶ 553.03[3][b] (15th ed.2000) ("The threshold requirement of mutuality is that the relevant claim and debt exist between the 'same parties,' . . . ."). "The purpose of setoff is to avoid 'the absurdity of making A pay B when B owes A.'" *Patterson,* 967 F.2d at 508 (quoting *Studley v. Boylston Nat'l Bank,* 229 U.S. 523, 528, 33 S.Ct. 806, 57 L.Ed. 1313 (1913)); *see also Bakst v. Dellaquila, et al. (In re Chatam, Inc.),* 239 B.R. 837, 840 (Bankr.S.D.Fla.1999). Whether mutuality exists is an issue of state law. According to Georgia law, "[s]etoff must be between the same parties and in their own right." O.C.G.A. § 13–7–4 (West Group 2003); *Straughair v. Palmieri (In re Palmieri),* 31 B.R. 111, 112 (Bankr.N.D.Ga.1983). Under Georgia law, a party sued under a promissory note who claims that a right of setoff exists must assert the right of setoff as a counterclaim rather than as a defense to the claim under the promissory note. *Gouldstone et al v. Life Investors Ins. Co. of America,* 236 Ga.App. 813, 817–18, 514 S.E.2d 54 (1999).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, . . . , against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "In such situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.,* at 322–23, 106 S.Ct. 2548. Because a right of setoff is a counterclaim under Georgia law, Mr. Kenny bears the burden of establish-

ing the elements of setoff at trial. However, Mr. Kenny presents no evidence to support any finding that the net proceeds Flooring America collected while operating the Carpet Mills business belong to him rather than Carpet Mills or that any amount allegedly owed by Flooring America for the purchase of Carpet Mills' assets belongs to him. Mr. Kenny has failed to show that a genuine issue of material fact exists as to the mutuality element of his setoff counterclaims, and the Trustee is entitled to summary judgment on those claims.

▉ Mr. Kenny's claim that he is entitled to setoff a bonus due from Flooring America in 2000 against the amount he owes under the Note is not as easily resolved on summary judgment. The mutuality requirement is met, and the parties seem to dispute whether the conditions were met for the award of a bonus. In support of his claim, Mr. Kenny relies on his own affidavit and an employment contract which outline conditions under which Mr. Kenny would be entitled to a bonus payment. The Trustee submits that the conditions that would have entitled Mr. Kenny to a bonus payment were never met. This setoff claim appears to involve disputed issues of material fact, and a trial will be necessary for the Court to make proper findings relating to the claim for a bonus.

In accordance with the above reasoning, plaintiff's motion for summary judgment on the Note and on the defendant's setoff claims which lack mutuality is GRANTED, and plaintiff's motion for summary judgment on defendant's bonus claim is DENIED. A final judgment will issue after this claim has been adjudicated.

The parties shall have until **October 1, 2003** to complete discovery. Counsel for the plaintiff and counsel for the defendant shall confer and present to this Court a consolidated (not separate) proposed Pretrial Order on or before **October 15, 2003** in the above-styled adversary proceeding in accordance with BLR 7016-1, NDGa.